LEWIS M. POWELL, ADMINISTRATOR, ETC., v. LEEFE ECKLER.

*Conditional sale—Gift—Replevin.*

1. An agreement for the leasing of a piano at an agreed monthly rental, and for its sale to the lessee at the expiration of the term of the lease upon payment to the lessor of a specified sum, merely gives the lessee the right to the use of the instrument on payment of the rent, with an option to purchase it on the terms stated.

2. Where, in such a case, the administrator of the estate of the lessee pays the balance of the rent and the sum required to be paid to purchase the piano, and receives a bill of sale from the lessor, he can maintain replevin against the widow of the lessee, who claims the instrument as a gift from her husband.

Error to Jackson. (Peck, J.) Argued April 19, 1893. Decided July 26, 1893.

Replevin. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Richard Price*, for appellant.

*Lewis M. Powell*, in *pro. per.*

HOOKER, C. J. On the 28th day December, 1889, the following agreement was made between the Whitney & Courier Company and N. H. Eckler:

"This agreement, made this 28th day of December, 1889, between the Whitney & Courier Co., of the city of Toledo, state of Ohio, parties of the first part, and N. H. Eckler, of Jackson, Mich., party of the second part, witnesseth:

"That the said Whitney & Courier Co. have leased unto the party of the second part one Boardman & Gray piano, style 11, walnut, No. 16,646, branded, 'Boardman & Gray, of Albany, N. Y.,' for the term of five months from date hereof, for the sum of three hundred dollars for the whole

term aforesaid, to be paid as follows: One hundred dollars cash on the 15th day of January, 1890, and then fifty dollars cash on the fifteenth day of each following calendar month until the above sum is fully paid; payable at the office of the Whitney & Courier Co., 219 Summit street, Toledo, Ohio, with interest at eight per cent. per annum on all unpaid amounts, after becoming due, until paid.

"It is, however, provided that if at the end of five months, as aforesaid, the said party of the second part shall pay unto the said parties of the first part the sum of seventy-five dollars, with interest at eight per cent. per annum after becoming due, then the said Whitney & Courier Co. hereby agree to sell to said party of the second part, in consideration of the sum last mentioned, the said instrument, and to execute to said party of the second part a bill of sale of the same.

"It is further provided and agreed that the said instrument shall be kept insured for three-fourths its value, for the benefit of the said Whitney & ·Courier Co., by said· party of the second part, and shall not be removed from the premises now occupied by said party of the second part during the continuance of the above-mentioned lease without the written consent of the parties of the first part; and that a failure to pay any or either of the aforesaid sum or sums of money as the same shall become due, or any removal, or attempt at removal, of said instrument from said place, without the written consent of the parties of the first part, shall make void this lease and agreement, at the option of the parties of the first part, and they shall have the right to enter and retake, and may enter and retake, possession of said instrument, at maturity of any payment, or any time thereafter, or upon the violation of the terms of the said lease, in any manner whatsoever, by the party or parties of the second part, and may retain any and all sum or sums of money paid on this agreement and lease, as damages, in part, for any injury to said instrument, and for the use of the same, and for expenses in moving the same.

"In witness whereof, the said parties to this agreement have hereunto set their hands and seals this 28th day of December, A. D. 1889.

"THE WHITNEY & COURIER CO.
"W. S. TUELL, TREAS.
Per T. G. ROBERSTON. [L. S.]
"N. H. ECKLER. [L. S.]"

The piano was delivered to Eckler, who placed it in his dwelling, where it remained until the plaintiff replevied it from Eckler's widow, the defendant. At the time of Eckler's death, June 8, 1890, there remained to be paid upon the rent of said piano the sum of $50, which fell due about a week later. Defendant remained in the dwelling, and had possession of the instrument, which she claimed as her own, alleging that it was a gift from her husband at the time it was brought to the house. Plaintiff, the administrator of deceased, claimed it as a portion of the assets of the estate, and a short time after he paid to the Whitney & Courier Company the sum of $125, being the $50 due for rent, and the amount of $75 additional, mentioned in the lease, and took an assignment of the interest of that company to himself, as administrator, whereupon he replevied the piano, after making a demand upon the defendant for the same.

By the terms of the agreement, defendant's husband acquired no title to the piano, beyond the right to use it for five months upon payment of the rent prescribed, and the option to purchase at the expiration of that time by paying $75 additional. Such agreement did not make him the purchaser of the piano, but gave him merely an option to purchase it later. *Richardson v. Hardwick,* 106 U. S. 252 (1 Sup. Ct. Rep. 213); *Couse v. Tregent,* 11 Mich. 65; *Dunlap v. Gleason,* 16 Id. 158; *Preston v. Whitney,* 23 Id. 260 ; *Smith v. Lozo,* 42 Id. 6; *Gustin v. School-Dist.,* 94 Id. 502. If deceased gave the piano to the defendant, as she claims, she acquired no better title to the instrument than he had. It gave her, at most, the right, as against the Whitney & Courier Company, to pay the rent, and, if she chose, exercise the option of paying the sum of $75 and taking the instrument. This she did not choose to do.

It was claimed upon the trial that she was entitled to the instrument free from any claim against it; that, by

giving it to her, her husband had signified an intention of purchasing it, *i. e.*, had exercised his option of doing so, and thereby become obligated to pay for it, and, being so obligated, the estate was bound to make such payment for the benefit of his wife. This position is untenable. Unless the gift was completed by delivery to his wife, it was void, for want of a consideration. If completed by delivery, it was executed only to the extent of his interest in it, and, there being no consideration to support a promise to purchase and pay for it, even if one had been expressly made, she cannot require the administrator to pay for the piano, nor could she have a valid claim against the estate for the purchase price of $75 had she paid it. *Whitaker v. Whitaker,* 52 N. Y. 368; *Wilbur v. Estate of Warren,* 104 Id. 192 (10 N. E. Rep. 263).

Nor will the facts of this case permit the conclusion that, as between the defendant and her husband's administrator, the purchase price of the piano is to be treated as a liability primarily against the estate, for the reason that it was not a debt against deceased. The deceased had never promised the Whitney & Courier Company to buy the piano, or to pay them for it. He died without obligating himself in any way to them. The only claim that they could have sustained against the estate was the amount of $50, back rent. To protect the estate, the administrator purchased the interest of the owners, and thereby he became vested with their right of possession at the expiration of the lease. Defendant's rights were not affected by this. If the piano was given her, as she claims, she could have paid the balance of the purchase price to the administrator, and become the owner. If it had not been given to her, she would, of course, have no such right. This is a question that we do not find it necessary to decide. As the undisputed facts show that the plaintiff was entitled to

the possession of the piano, the other questions may be disregarded.

The judgment should be affirmed.

The other Justices concurred.