## SHEA et al. v. LEISY.

(Circuit Court, W. D. Pennsylvania. February 8, 1898.)

PAROL EVIDENCE—REFORMATION OF CONTRACTS.

Complainants gave a bond and mortgage conditioned for the payment in four years of $5,042, with interest. After the mortgage was due, they filed a bill to enjoin its foreclosure, and for reformation, setting up a contemporaneous parol agreement by the mortgagee to cancel the mortgage on payment of $4,600, without interest, if complainants continued to purchase from him at market prices the beer necessary to supply their tavern. *Held* that, in the absence of any showing of fraud, accident, or mistake, this matter came within the rule excluding parol evidence to vary, etc., a written contract.

This was a bill in equity by John Shea and Daniel Shea against Dina Leisy to enjoin the prosecution of a scire facias upon a mortgage, and

to reform the mortgage and bond in accordance with an alleged parol agreement.

C. C. Dickey, for complainants.

E. G. Ferguson, for defendant.

ACHESON, Circuit Judge. The bill sets forth that on May 26, 1893, the complainants executed and delivered to Isaac Leisy their bond and mortgage in the penal sum of $10,084, conditioned for the payment to the latter of "the just sum of $5,042," within four years, with interest payable semiannually; that the complainants and Isaac Leisy "made a parol agreement contemporaneous with the said bond and mortgage," whereby it was agreed that if the complainants, who were then licensed tavern keepers and customers of Isaac Leisy, who was a brewer of beer, would continue to purchase from him (Leisy) the necessary supplies of beer for their tavern at the ordinary market prices, he (Leisy), upon payment to him of the sum of $4,600 without interest, would surrender said bond and satisfy said mortgage. And the bill alleges that the complainants gave the bond and mortgage on the faith of this parol agreement, without which they would not have been executed; that they complied with the parol agreement in respect to the purchase of beer; and that they had tendered the sum of $4,600 to the defendant, who is the holder of the bond and mortgage, she having acquired title thereto as legatee under the will of Isaac Leisy, who is now deceased. The bill prays for an injunction against the defendant to restrain her from prosecuting a writ of scire facias upon the mortgage which she had sued out of this court, and from bringing suit on the bond; that the bond and mortgage be reformed so as to express "the true, actual, and whole contract" between the parties thereto; and that the defendant be decreed to surrender the bond, and enter record satisfaction of the mortgage. The answer denies the making of the alleged parol contract; avers that there was no agreement or understanding whatever between the complainants and Isaac Leisy other than that shown by and expressed in the bond and mortgage; and sets up as a defense that the matters alleged in the bill are at variance with the terms of the written instruments. The answer further avers that the consideration of the bond and mortgage was a loan of money previously made by Isaac Leisy to the complainants, with accrued interest. The evidence on both sides conclusively shows that the indebtedness of $5,042, mentioned in the bond and mortgage, and secured thereby, consisted of a loan of $4,600 made by Isaac Leisy to the complainants in the year 1891, with lawful interest thereon (viz. $442) from the time of the loan to the date of the bond and mortgage. All the evidence to sustain the allegations of the bill touching the alleged parol agreement was taken under objection.

As to what occurred at the time the bond and mortgage were given, the principal witnesses are Daniel Shea, one of the complainants, on the one side, and M. J. Steel, the agent of Isaac Leisy, on the other side. These two witnesses differ materially; and, taking the proofs as a whole, it is open to grave doubt whether the evidence to make out the alleged parol agreement is of that clear, unequivocal, and convincing character necessary to move a court of equity to reform a written in-

strument for fraud or mistake in its execution. U. S. v. Budd, 144 U. S. 154, 12 Sup. Ct. 575.

But, aside from the question of the sufficiency of the evidence, the alleged parol contract alters, in essential particulars, the written agreement of the parties, and adds to their written stipulations. Now, there can be no pretense that there was any fraud, accident, or mistake in the execution of the bond and mortgage. Nothing was inserted therein or omitted therefrom fraudulently or inadvertently. It clearly appears that the contents of these papers were fully known to and understood by the complainants when they executed them. The complainants rely altogether upon an alleged contemporary parol contract, which they seek to make a part of the transaction, and thus to materially change the terms of the written instruments. The bill proceeds upon the theory that the written instruments and the contemporaneous parol agreement together constitute the contract, and reformation accordingly of the writings is prayed. It has been, however, uniformly held by the supreme court of the United States that, unless there is fraud, accident, or mistake, it must be conclusively presumed that the written contract contains the whole engagement of the parties. Brown v. Spofford, 95 U. S. 474; Bast v. Bank, 101 U. S. 93. The rule is the same in equity as at law, and, in the absence of fraud, accident, or mistake, parol evidence of a contemporaneous oral agreement is not permitted by a court of equity to vary, qualify, or contradict, or add to or subtract from, the terms of a written contract. Forsyth v. Kimball, 91 U. S. 291; Richardson v. Hardwick, 106 U. S. 252, 254, 1 Sup. Ct. 213. This being a suit in equity, the last-cited decisions are conclusive against the complainants, even if a different rule prevailed in the courts of Pennsylvania. Russell v. Southard, 12 How. 139, 147. But no Pennsylvania case, so far as I am aware, permits an oral contract made at the same time with a written contract under seal, and purposely omitted therefrom, to be set up to contradict and destroy it. Irvin v. Irvin, 142 Pa. St. 271, 287, 21 Atl. 816. In Bast v. Bank, supra, Chief Justice Waite, speaking for the supreme court of the United States, said:

"It is not always easy to determine when, in Pennsylvania, parol evidence is admissible to explain a written instrument; but in Anspach v. Bast, 52 Pa. St. 356, it is expressly declared that 'no case goes to the length of ruling that such evidence is admitted to change the promise itself, without proof or even allegation of fraud or mistake. The contrary has been repeatedly decided.' To the same effect is the case of Hacker v. Refining Co., 73 Pa. St. 93, as well as many other cases that might be cited."

The still later decisions of the supreme court of Pennsylvania have strictly enforced the rule that where parties have deliberately put their engagements in writing, without fraud, accident, or mistake in the execution thereof, the writing is the only evidence of their agreement, and its terms cannot be added to or subtracted from by parol evidence. Hunter v. McHose, 100 Pa. St. 38; Irvin v. Irvin, 142 Pa. St. 271, 21 Atl. 816; Wodock v. Robinson, 148 Pa. St. 503, 506, 24 Atl. 73. In Hunter v. McHose, supra, the offer to show that the defendant would not have signed the agreement except for the contemporary verbal understanding was treated as inadmissible; and, most plainly, if such an allegation opens the door for parol evidence, the salutary rule which

is intended to preserve the sanctity of written contracts would be eluded without difficulty, and practically abrogated.

Let a decree be drawn dismissing the bill of complaint, with costs.