W. E. MARTIN v. T. B. WALKER.[1]

June 21, 1901.

Nos. 12,635—(160).

**Performance of Contract.**

The evidence sustains the finding of the trial court to the effect that the plaintiff neither performed nor tendered performance of the conditions of an option contract for the purchase of land within the life of the contract.

Action in the district court for Itasca county to enforce specific performance of a contract for the sale of land. The case was tried before Holland, J., who found in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*C. C. McCarthy* and *Moses E. Clapp*, for appellant.

*Wilson & Van Derlip*, for respondent.

START, C. J.

This is an action to compel the specific performance of a contract as to the purchase of the lands described in the complaint. The contract gave the plaintiff an option to buy the lands for thirty days from August 24, 1899, by paying one-fifth of the purchase price at the time of the acceptance of the proposition, and the balance in four equal annual payments thereafter. At the time of the first payment, defendant was to give plaintiff a contract for a warranty deed of the lands, reserving the mineral and pine thereon, with the right to enter and remove the same. The complaint alleged that on the last day for exercising the option the plaintiff accepted the proposition to buy the lands, and so notified the defendant, and then tendered to him one-fifth of the purchase price, $1,293.10, and demanded from him the contract for a warranty deed of the lands; that the defendant refused to comply with such demand, or to perform the terms of the option contract on his part. The complaint prayed for specific performance of the contract to give a contract for a deed of the lands. The answer admitted the option contract, but denied the other

1 Reported in 86 N. W.

allegations of the complaint, and alleged that the plaintiff never accepted the proposed terms of the contract, nor offered or tendered performance of its conditions precedent on his part, within the life of the option. The trial court made its findings of fact and conclusions of law to the effect that the plaintiff neither paid nor tendered payment of one-fifth of the purchase price, or any part thereof, within the life of the option, and that he was not entitled to any relief, and that the defendant have judgment accordingly. Thereupon the plaintiff moved the court to strike out its material findings of fact and conclusions of law, and to substitute therefor findings of fact and conclusions of law, which, if made, would have entitled the plaintiff to the relief prayed for in his complaint. The motion was denied. The plaintiff also made a motion for a new trial, and appealed from an order denying it.

If the findings of the court, as made, were sustained by the evidence, it necessarily follows that the court rightly denied the motion to amend, for the proposed findings were inconsistent with those actually made. Therefore the only question on this appeal is whether the findings of fact are sustained by the evidence, and the conclusions of law by the facts found. The option contract itself did not vest in the plaintiff any interest in the lands, nor obligate him to purchase them. It merely gave him the privilege of acquiring an interest therein by performing the stipulated conditions as to the payment of one-fifth of the purchase price, or tendering performance thereof, within the life of the option. Therefore the finding of fact that he did neither the one nor the other supports the conclusion of law that plaintiff had no cause of action. This leaves only the question whether the finding of fact is sustained by the evidence. The evidence was conflicting, and, if that on the part of the plaintiff be accepted as correct, it does not sustain the finding. On the other hand, if the evidence on behalf of the defendant be accepted as true, it sustains the finding. Such being the case, and the trial court having accepted the defendant's version as to the alleged tender and performance of the conditions of the contract, we cannot disturb the finding. It is sustained by the evidence.

Order affirmed.