[No. 9885.    Department One.    January 10, 1912.]

F. M. ROTHROCK, *Respondent*, v. RAY HUNTER *et al.,*
*Appellants.*[1]

SALES—CONTRACTS—CONSTRUCTION.    A contract to purchase cer-
tain sheep unconditionally, and also to purchase three thousand
lambs, with a ten-day option to the vendor to sell the lambs to other
persons, after which time the lambs could not be sold to any other
person, is a binding contract to sell the lambs to the purchasers,
subject only to the ten-days' option to sell to other persons.

DAMAGES—MEASURE—BREACH OF CONTRACT.    Upon breach of a
contract to sell certain lambs, the measure of damages is the differ-
ence between the contract price and the value at the time of the
agreed delivery.

SALES—BREACH OF CONTRACT — DAMAGES — EVIDENCE OF MARKET
VALUE.    Upon breach of a contract to sell lambs to be delivered at
a certain place, at which there was no market value for them, other
evidence of their value is competent, and experienced sheep men
may testify as to their value without testifying in detail to their
market value at other places, or the cost of transportation.

Appeal from a judgment of the superior court for Grant
county, Steiner, J., entered March 28, 1911, upon findings
in favor of the plaintiff, in an action for breach of contract,
after a trial on the merits before the court without a jury.
Affirmed.

*Daniel T. Cross, G. G. Hannan,* and *Arthur McGuire,* for
appellants.

*W. E. Southard,* for respondent.

PARKER, J.—This is an action to recover damages, al-
leged to have resulted to the plaintiff by the failure of the
defendants to deliver to him three thousand lambs, in com-
pliance with the terms of the following written contract:

"This contract entered into this day between F. M. Roth-
rock, party of the first part, and Allyn & Hunter parties
of the second part, is hereby agreed to be satisfactory to

[1]Reported in 119 Pac. 1114.

both parties and binding to them.    The party of the first part agrees and contracts to purchase from the parties of the second part, two thousand ewes (sheep), to be classed as follows: fifteen hundred of the ewes must be three years old, and the remaining five hundred to be either two or four years old.    The said ewes are to be delivered either at McCue's Corrals in Douglas creek, in Douglas County, or at the Rudeo Place in Grant County, on October fifteenth, nineteen hundred and nine.

"The party of first part contracts and agrees to pay the parties of the second part four and one-half dollars per head upon delivery of said ewes.    Party of the first part contracts further to purchase from the parties of the second part three thousand head of lambs, said lambs to be selected by the party of the first part from lamb bands now owned by parties of the second part, said band containing about forty-four hundred lambs.    Said lambs are to be delivered at the same time and place as ewes mentioned in this contract. Said first party contracts and agrees to pay said parties of the second part three dollars per head upon delivery of lambs.    Party of the first part hereby grants parties of the second part an option of ten days time, in which it is agreed by party of the first part that parties of the second part may dispose of the three thousand lambs mentioned in this contract to party or parties other than those mentioned in this contract.    At the expiration of said option, said lambs can be sold by parties of second part to party of the first part only.    It is understood and agreed by both parties that both ewes and lambs mentioned in this contract, are to be selected from bands now owned by parties of the second part.

"Receipts of five thousand dollars ($5,000) is hereby acknowledged by parties of the second part to be paid on this contract.    Dated and signed this second day of July, nineteen hundred nine.

                              "(Signed)      F. M. Rothrock,
                                        "Allyn & Hunter."

A trial before the court without a jury resulted in findings and judgment in favor of the plaintiff for $2,250 damages. From this judgment, the defendants have appealed.

It is contended by counsel for appellants that the trial court erred in overruling the appellants' demurrer to the

complaint. This involves only the construction of the contract. It appears from the allegations of the complaint that appellants did not sell the lambs during the ten-day option period specified in the contract, nor at all. Appellants' counsel state their position as follows:.

"We contend that the contract is one whereby plaintiff agrees to purchase and defendants to sell and deliver the ewes mentioned unconditionally; that the item as to the ewes is distinct from that regarding the lambs; that plaintiff agrees to purchase the lambs mentioned but that defendants do not bind themselves to sell or deliver. The defendants were not compelled to sell; they had a choice to sell to third persons during said ten days, but if the lambs were not sold during those ten days, then defendants could do but two things—sell to plaintiff or keep the lambs. They could not however sell to any person other than plaintiff after the expiration of said ten days."

It seems to us that, to give this construction to the contract, would be to render the making of that part of it relating to the lambs a mere waste of words. What possible purpose could there have been in mentioning the lambs in the contract in this manner if it was not to make an agreement for the sale of them by appellants to respondent, subject to be defeated by the "option of ten days' time, in which it is agreed by party of the first part that parties of the second part may dispose of the three thousand lambs mentioned in this contract to party or parties other than those mentioned in this contract?" Counsel rely particularly upon the words: "At the expiration of said option, said lambs can be sold by parties of second part to parties of first part only." From this it is argued that appellants are only obligated not to sell to any one else. This would mean that the only object to be attained by the language of the contract relating to the lambs was to limit the selling of them to respondent, but leave appellants free to elect whether or not they would sell at all. We agree with the learned trial court that more than this was meant by these parties in the execution of this

contract. Its language is somewhat involved, but we think it clearly evidences an intention to bind appellants to sell the lambs to respondent, subject only to the ten-day option permitting a sale to others. In 2 Page on Contracts, § 1122, we find applicable to these provisions, the rule of construction as follows:

"If terms in a contract appear on their face to be inserted for the benefit of one of the parties, he will be considered as having inserted such terms and as having chosen the language thereof. Any ambiguity in such language is therefore to be construed more strongly against the party making use of such language."

The trial court found that there was no market or market price for the lambs at the time and place of agreed delivery; that there were markets and a market price at other places, some distance away; that there were ready and convenient means of transportation between the agreed place of delivery and such places; that there would be some expense incident to such transaction; but that there was no evidence of the amount of the market value of the lambs at such places nor of the amount of the expense of such transportation. The language of these findings seems to us to be somewhat involved, but we believe the above is a fair statement of their substance. The court did find, however, in addition: "that the lambs in question were at the time the defendant agreed to deliver them to the plaintiff, to wit: October 15, 1909, of the value of $3.75 per head." This it will be noticed is 75 cents per head more than the contract price, and accounts for the judgment being for $2,250, upon the theory that respondent's damage was the difference between the contract price and the value of the lambs at the time of agreed delivery. The contention upon these findings is, in substance, that they are erroneous because not based upon market value and not supported by the evidence. It does appear that they are not based upon market value at the place of delivery; but this we think, under the circumstances, is no reason for excluding all consideration of the

value at that place.   There being no market value at that place, other evidence may be resorted to to prove their value at that place.   35 Cyc. 636; 24 Am. & Eng. Ency. Law (2d ed.), 1154.

The question of the sufficiency of the evidence is discussed in the briefs as though we had before us a statement of facts.   No such statement, however, has been sent to this court.   Enough appears by the uncontroverted statements in the briefs, however, to show that the testimony of experienced sheep men was introduced stating the value of these lambs at the time and place of delivery, which would be sufficient to support the judgment, though such testimony was not as to the market value at that place.   It was not necessary that the amount of the market value at other places and the expense of transportation should be testified to in detail by those witnesses, though apparently they had knowledge of those facts and relied thereon in testifying to the value at the place of delivery.   Professor Wigmore in his work on Evidence, vol. 3, § 1922, says:

"There is no principle and no orthodox practice which requires a witness having personal observation to state in advance his observed data before he states his inference from them; all that needs to appear in advance is that he had an opportunity to observe and did observe, whereupon it is proper for him to state his conclusions, leaving the detailed grounds to be drawn out on cross-examination."

The argument seems not to be directed against the weight of the evidence, but against the sufficiency of the evidence because of its failure to show market value at the place of agreed delivery.   We think the value of the lambs at the place of delivery could be shown by evidence of the nature above mentioned, and it is not disputed that there was such evidence.   This enables us to dispose of this contention in the absence of a statement of facts.

The judgment is affirmed.

Dunbar, C. J., Mount, and Gose, JJ., concur.