CHANDLER AND COMPANY, INCORPORATED, *vs.* MCDONALD-WEBER COMPANY & another.

SAME *vs.* E. T. SLATTERY COMPANY & another.

Suffolk. May 22, 1913. — June 18, 1913.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DE COURCY, JJ.

*Contract,* Construction.

If the general lessee of an entire building makes an "option agreement" in writing with a sublessee of one floor of the building, that if the general lessee decides to sell his leasehold interest he will notify such sublessee and will give to the sublessee "an opportunity to purchase said leasehold estate, and upon the terms and conditions as fixed by" the general lessee, such general lessee fulfils his obligation to the sublessee by offering in good faith to sell his leasehold interest to the sublessee on specified terms and conditions without having fixed the terms and conditions in any actual or pending bargain with a third person.

Two BILLS IN EQUITY, filed in the Supreme Judicial Court, the first on August 7, 1912, and the second, as amended, on February 17, 1913, between the same parties, both bills seeking to enforce the alleged terms of an agreement in writing between the defendant McDonald-Weber Company and the plaintiff dated March 13, 1909, and to restrain that defendant from selling to the defendant E. T. Slattery Company or any other person or corporation the leasehold interests mentioned in such agreement contrary to the terms of the agreement as set forth in the bills.

The contract above referred to, which was called in the evidence at the hearing the "option agreement," was as follows:

"Memorandum of agreement made this day between the McDonald-Weber Company, a corporation duly organized and established under the laws of the State of Maine, party of the first part, and Chandler & Company, Incorporated a corporation duly organized and established under the laws of the Commonwealth of Massachusetts, party of the second part.

"Witnesseth that the party of the first part, in consideration of certain mutual promises of the party of the second part, for it-

self, its successors and assigns, hereby agrees with the party of the second part, its successors and assigns, as follows:

"That if at any time during the tenancy of the party of the second part in the premises 156–156A Tremont Street, Boston, the party of the first part decides to sell its leasehold interests in said 156–156A Tremont Street, it will first notify the party of the second part, and give it an opportunity to purchase said leasehold estate, and upon the terms and conditions as fixed by the party of the first part. The party of the second part, within ten (10) days after the submission by the party of the first part to it of the terms and conditions of sale, must either accept or reject the said terms and conditions.

"It is mutually agreed between the parties hereto that should the said party of the second part reject said terms, the party of the first part is thereafter under no obligations to the party of the second part by virtue of this agreement, and further, that nothing herein contained shall be construed as granting to the party of the second part any present vested or contingent interest in the leasehold estate.

"In witness whereof the said parties have caused their several corporate seals to be hereto affixed, and their names to be signed by their respective officers, all thereunto duly authorized, this 13th day of March, 1909."

Demurrers to the bills were overruled by interlocutory decrees, from which the defendants appealed. The cases then were consolidated by order of court for trial and were heard by *Braley,* J., who made certain findings of fact, of which those that are essential are stated in the opinion. At the request of the parties, the justice reserved the cases upon the pleadings, the demurrers, the decrees overruling the demurrers, the evidence, and the findings of fact, for determination by the full court.

The cases were submitted on briefs.

*R. B. Stone,* for the plaintiff.

*J. F. Cusick,* for the McDonald-Weber Company.

*G. A. Sweetser,* for the E. T. Slattery Company.

SHELDON, J. The rights of these parties depend upon the "option agreement" so called, given by the McDonald-Weber Company (hereinafter called the defendant) to the plaintiff contemporaneously with the lease of one floor of a building on Tremont

Street in Boston. The defendant, which had a leasehold interest in the whole building, covenanted by the "option agreement" that if the defendant decided to sell its leasehold interest it would notify the plaintiff and would give it "an opportunity to purchase said leasehold estate, and upon the terms and conditions as fixed by" the defendant.

The plaintiff contends that by the true construction of this agreement the defendant's decision to sell and the fixing of the terms and conditions of sale could be accomplished only by and in the course of the making by the defendant of a definite bargain with some third person. The defendant contends that by the agreement it was merely bound, if it decided to sell, to notify the plaintiff of such decision, and to give the plaintiff an opportunity to buy upon such terms and conditions as should be fixed by the defendant, and that such notice and offer made in good faith would fulfil all the obligations of the defendant. In our opinion, the latter contention is correct.

The natural meaning of the words used accords with the construction urged by the defendant. The terms and conditions upon which the plaintiff was to have the option of purchasing were not such as might be determined by an independent agreement to be concluded between the defendant and a third party, but such as might be fixed by the defendant itself. We have no right to add to this provision the further stipulation that the defendant must have found some other purchaser who had accepted or even who was willing to accept the terms which it had fixed. *Fogg* v. *Price*, 145 Mass. 513, 515.

The plaintiff contends that upon this construction the agreement is merely illusory. That may be doubted. It secured or purported to secure to the plaintiff a right which might be valuable, the right to have the premises first offered to it, upon stated terms, which must of course be fixed in good faith and not as a mere device to get rid of the plaintiff. But however that may be, we cannot give to the plaintiff any greater rights than it chose to provide for by its contract.

The construction urged by the plaintiff would require the defendant, if it desired to sell its leasehold interest, first to find a purchaser thereof and to conclude with him a definite and complete bargain, all the terms and conditions of which should be

fixed by agreement with him, and then to offer the premises to the plaintiff upon the same terms and conditions, and to wait ten days for the plaintiff to make up its mind, before it could be known whether the concluded agreement between the defendant and the proposed purchaser could be carried into execution. A merely tentative or provisional agreement not binding upon a proposed purchaser would not be enough, if we adopt the full contention of the plaintiff; for the terms and conditions could not be said to have been fixed if they had not been made binding upon both the parties to the prospective sale. But it is manifest that such an agreement, depending for the vendor's ability to carry it out upon the unforeseeable contingency of the plaintiff's choice, would at best be difficult of conclusion, and very likely would be practically impossible. We cannot suppose that the parties intended that the defendant should be thus tightly fettered in making a sale which was at least contemplated as possible, unless their language shows this intention. No doubt the defendant might have made such an agreement; but this is not lightly to be presumed.

The defendant did not even agree, as in *Hayes* v. *O'Brien,* 149 Ill. 403, a case much relied on by the plaintiff, to sell to the plaintiff for such price as any other person might offer, a much less onerous stipulation than what is insisted upon here. That decision does not help the plaintiff. The case at bar more nearly resembles *Folsom* v. *Harr,* 218 Ill. 369, though the facts are not exactly the same as were there presented.

According to the findings of the single justice, the defendant having decided to sell, notified the plaintiff thereof, and soon afterwards made a written proposition of sale to the plaintiff, upon terms therein stated. This proposition the defendant made in good faith for the purpose of complying with the terms of the "option agreement," and both parties so understood it. The plaintiff had a full opportunity to buy, but declined to do so at the price offered by the defendant. These findings were fully warranted by the evidence reported. It follows that the defendant has performed its agreement, and the plaintiff has no ground of complaint.

The plaintiff acquired by the "option agreement" no legal or equitable estate in the leasehold. *Emerson* v. *Somerville,* 166 Mass. 115.

It is not necessary to consider the appeals from the interlocutory decrees overruling the demurrers. Each of the bills must be dismissed with costs.

*So ordered.*