## HAZLEWOOD v. EMPIRE GAS & FUEL CO.

(Circuit Court of Appeals, Fifth Circuit. November 17, 1920.)

No. 3483.

Contracts ☞10(2)—Unilateral contract for services binding only to extent of performance by promisee.

A written offer by defendant to pay plaintiff a stated sum per acre for obtaining oil and gas leases within a designated territory, plaintiff being in no way obligated, *held* to become a binding contract only to the extent of plaintiff's performance, and defendant *held* liable only for such leases as were secured by plaintiff prior to withdrawal of the offer.

In Error to the District Court of the United States for the Northern District of Texas; James Clifton Wilson, Judge.

Action at law by R. R. Hazlewood against the Empire Gas & Fuel Company. Judgment for defendant, and plaintiff brings error. Affirmed.

R. R. Hazlewood, of Amarillo, Tex., and J. E. Cockrell and L. C. McBride, both of Dallas, Tex. (R. R. Hazlewood, of Amarillo, Tex., and L. C. McBride and Cockrell, Gray, McBride & O'Donnell, all of Dallas, Tex., on the brief), for plaintiff in error.

Thomas F. Turner, of Amarillo, Tex., and T. F. Garver, of Ft. Worth, Tex. (R. H. Hudson, of Bartlesville, Okl., T. F. & R. D. Garver, of Ft. Worth, Tex., and Thomas F. Turner, of Amarillo, Tex., on the brief), for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. On March 31, 1917, the defendant in error (herein referred to as the defendant) addressed to the plaintiff in error (herein referred to as the plaintiff) a written communication, signed by the former only, of the body of which the following is a copy:

"Confirming conversation of even date, this company will pay you on the basis of 10 cents per acre for all land on which you secure oil and gas leases for us in Quay and Union counties, state of New Mexico, and in Oldham and Deaf Smith counties, state of Texas, acreage to be taken as nearly as possible on a basis of one-tenth of the total acreage situated in the above-named counties, taking as near as possible one quarter section out of a block of nine quarter sections."

Shortly thereafter the plaintiff entered upon the task of obtaining oil and gas leases for the defendant, and was so engaged until July 13, 1917, when he was notified by the defendant not to take any more leases. Up to that date the plaintiff had obtained 511 leases, embracing 140,000 acres in Quay county, N. M., and 101,000 acres in Union county, N. M. For all the leases so obtained the defendant paid the plaintiff the stipulated price. By this suit the plaintiff asserted the claim that he was entitled to recover from the defendant the amount of the profits the former could and would have realized, if the latter had not refused to accept any more leases. The court ruled against that claim.

The above set out instrument amounted to an offer by the defendant to the plaintiff. It did not evidence a promise or obligation of the plaintiff to do anything. There was no consideration to make the defendant's offer binding upon it until the plaintiff did that for the doing of which compensation was promised to be paid to him, and there was no consideration moving to the defendant, except in so far as the plaintiff performed the acts for which he was to be paid. The contract which came into being as a result of the plaintiff doing what the defendant promised to pay for was a unilateral one, and the defendant did not become bound to pay anything but the agreed price for leases obtained by the plaintiff prior to the cancellation or withdrawal of the offer in pursuance of which the latter acted. Richardson v. Hardwick, 106 U. S. 252, 1 Sup. Ct. 213, 27 L. Ed. 145; Johnson v. Staenglen, 85 Fed. 603, 29 C. C. A. 369; 13 Corpus Juris, 335; Wald's Pollock on Contracts (3d Ed.) 22, note. We are of opinion that the court did not err in making the ruling complained of.

The judgment is affirmed.