## MICHAEL FERCH v. OTTO E. HILLER AND OTHERS.[1]

January 3, 1941.

No. 32,500.

*M. E. Culhane* and *J. O. Haugland,* for appellant.
*Frank E. Clinite,* for respondents.

GALLAGHER, CHIEF JUSTICE.

Michael Ferch made application to the district court of Hennepin county to have registered the title to two lots in the city of

[1]Reported in 295 N. W. 504.

Minneapolis which he claimed to own. Respondent Otto E. Hiller, administrator of the estate of David L. Hiller, deceased, answered denying that applicant had any title to or interest in the property and alleging that David L. Hiller was the sole owner thereof at his death on December 11, 1937. The matter was referred by the district court to R. G. Patton, examiner of titles, as referee, to hear the same upon the issue raised by the application and answer and to make report thereon to the court.

In his report, filed November 27, 1939, the referee found: (1) That on the 28th day of October, 1925, the actual ownership and record title to the premises here involved were in the Franklin Co-operative Creamery Association; that on said date it gave to applicant an option to purchase said property and caused a contract to be prepared in accordance with the conditions of said option, a copy of which option appears in the margin;[2] that said contract was never delivered by the company and never signed nor accepted by Ferch; (2) that on May 7, 1926, the company, for an expressed consideration of $2,250, deeded the premises to David L. Hiller, at which time it was paid the sum of $2,000 by Hiller as the actual or assumed balance then due the company for

[2]"In consideration of the payment of Two Hundred ($200.00) Dollars, to the Franklin Co-operative Creamery Association by Michael Ferch, the Franklin Co-operative Creamery Association agrees to give an option on lots 110 feet by 160 feet, which they own near the corner of Twenty-Fourth (24th) avenue and Nine (9) Street South Minneapolis, until this evening at 8 o'clock; said Michael Ferch to signify his intention on or before 8 o'clock this evening to take said lots at $2,250.00. The said $200.00 are to be first payment and the Franklin Co-operative Creamery Association will give a contract for deed, said contract to be paid in full on or before March 15th, 1926. The balance to be paid is $2,050.00 and shall be paid on or before March 15th, 1926, when the said Franklin Co-operative Creamery are to give a Warranty Deed, said Warranty Deed to be in blank or said deed is to be made to such party as the said Michael Ferch may direct.

"Michael Ferch
"Franklin Co-op. Cry. Ass'n.,
"By Carl N. Norlander, Treas.

"Oct. 28, 1925."

the lots, but that it does not appear from any evidence received or offered that Hiller was a purchaser without notice of the non-record rights, if any, of applicant; (3) that thereafter Hiller went into possession and caused three houses to be moved onto the premises and fitted for occupancy and until his death collected the rents therefrom, which rents, less the reasonable carrying charges, exceeded the sum of $2,050 and interest thereon; and (4) that applicant failed to prove that he ever held a contract, other than the option, for the purchase of the premises.

In a supplemental report filed November 29, 1939, at the request of applicant, the referee further found:

"That on the evening of October 28, 1925, when the applicant called at the office of the Franklin Co-operative Creamery Company shortly before 8:00 P. M., he advised the officers of said company that the option given to him earlier that date was to be exercised."

He made other findings not here material, and recommended "a ten (10) day stay in which applicant may file objections to entry of any order based upon this report." A copy of the report was mailed to applicant's counsel, and it is conceded that he received it more than ten days prior to December 11, 1939, when the trial court filed its findings of fact and conclusions of law. No objections were filed.

Based on this report, the trial court found that applicant had failed to prove that he ever had a contract for the purchase of the premises in question, and concluded that he had failed to prove any right, title, or interest therein entitling him to have the title registered in his name, and ordered the application dismissed. Subsequent orders discharged the application of record and directed a return of the abstract of title to respondents.

The appeal is from an order denying applicant's motion to set aside and vacate all of the orders made upon the filing of the referee's report. It is applicant's position (1) that the decree and subsequent orders were unauthorized because made without notice

to him, and (2) that they are unwarranted because contrary to the referee's report.

■ It is conceded that notice was not given of the application for any of the orders here challenged. The question is whether notice was necessary. Applicant does not claim that there is a statute or rule of court requiring notice, but argues that he was entitled to notice upon the general principle that rights should not be affected without an opportunity to be heard. 42 C. J. p. 480, § 41.

2 Mason Minn. St. 1927, § 8266, pertaining to registration of titles, provides:

"When an answer is filed, the case shall be tried by the court in like manner as an ordinary civil action. The court may refer the case, or any part thereof, to one of the examiners, as referee, to hear the parties and their evidence, and make report thereon to the court. Any report of an examiner shall have the same weight as that of a referee appointed by the district court. After the filing of such report, the court may order such other or further hearing of the cause before the court, or before the examiner, and may require such other or further proof by either or any of the parties to the cause as it shall deem proper."

Trials by referees are conducted in the same manner and upon like notice as are trials by the court. If the reference be to report facts, the report has the effect of a special verdict. 2 Mason Minn. St. 1927, § 9319. A special verdict is one by which a jury finds the facts only. It so presents the findings of fact as established by the evidence that nothing remains for the court to do but to draw therefrom conclusions of law. 2 Mason Minn. St. 1927, § 9303; Cummings v. Taylor, 21 Minn. 366; Awde v. Cole, 99 Minn. 357, 109 N. W. 812.

The reference here was "to hear said matter upon the issue raised by the application of Michael Ferch and the answer of Otto E. Hiller, administrator, and make report thereon to the court." The referee complied with the order, and he also caused a copy of the report to be served upon applicant's counsel and

recommended a ten-day stay for applicant to file objections to the entry of any order based on the report. No objections were filed. The decree followed as a matter of right without further notice to applicant. Piper v. Johnston, 12 Minn. 27 (60); Whitaker v. McClung, 14 Minn. 131 (170); Leyde v. Martin, 16 Minn. 24 (38); Heinrich v. Englund, 34 Minn. 395, 26 N. W. 122.

■ Applicant does not question the findings of the referee, but contends that they do not support the court's findings and conclusions. What the evidence shows we do not know, but the referee found that Ferch did not exercise his option, although he did advise the officers of the company that it was to be exercised. Until an option is effectively exercised, it is a mere unilateral undertaking, and if the time in which it is to be exercised expires before its terms and conditions are met with, it lapses. Gamble v. Garlock, 116 Minn. 59, 133 N. W. 175, Ann. Cas. 1913A, 1294; Richardson v. Hardwick, 106 U. S. 252, 1 S. Ct. 213, 27 L. ed. 145; Bras v. Sheffield, 49 Kan. 702, 31 P. 306, 33 A. S. R. 386; Chandler & Co. Inc. v. McDonald-Weber Co. 215 Mass. 365, 102 N. E. 319; Powell v. Eckler, 96 Mich. 538, 56 N. W. 1; Cameron v. Shumway, 149 Mich. 634, 113 N. W. 287; Womack v. Coleman, 92 Minn. 328, 100 N. W. 9. Whether performance by an optionee has been made or tendered is a question of fact. Martin v. Walker, 84 Minn. 8, 86 N. W. 467. The trier of fact found that no effective exercise of the option was made by Ferch. Ferch does not question the sufficiency of the evidence to sustain that finding. That he was content to rest on his oars for 14 years strongly indicates a lack of faith in his present assertion. His application for registration being predicated upon effective exercise of the option, the conclusion of law dismissing the application necessarily follows.

The order appealed from is affirmed.