[No. 29913. Department One. August 1, 1946.]

SIMON K. ROTH et al., *Respondents,* v. WILLIAM F. SNIDER et al., *Appellants.*[1]

*Schaefer & Hall,* for appellants.
*Hall & LaLonde,* for respondents.

[1] Reported in 171 P. (2d) 819.

SIMPSON, J.—Action, in the present case, was instituted by plaintiffs to compel specific performance of a contract to sell real estate. After trial upon the merits, the court entered its decree of specific performance. Defendants then appealed to this court.

Their assignments of error are: holding an option in the contract under consideration as absolute and not conditional; holding the contract to be equitable and enforcible; and in not dismissing plaintiffs' case.

The material facts are not in serious dispute. A brief summation will suffice for the points to be considered. September 22, 1941, appellants and respondents entered into a written contract concerning the farm land in question. By the terms of that contract, appellants leased their property to respondents for a term of five years from November 1, 1941. The rental was four hundred dollars per year, payable in monthly installments. The contract contained the following provision:

"The farm is subject to sale. The tenant has first option to purchase farm for $10,741.00 at 3% interest. $1500.00 will be down payment. $400.00 per annum will make principal and interest payments."

Another portion of the lease provided: "Tenant will be paid $250.00 for compensation for moving provided farm is sold to another party."

Still another clause of the contract provided that the lease could

". . . be terminated on the 1 day of November (but not until Nov. 1, 1943) of any year by written notice given by either party to the other on or before the 1 day of July prior to effective date of termination."

By written instrument dated May 24, 1944, appellants gave notice to respondents that they elected to terminate the lease agreement as of November 1, 1944. Thereafter, on June 5, 1944, respondents notified appellants in writing that they elected, under the option contained in the lease, to purchase the property, and that the sum of fifteen hundred dollars would be paid as soon as a contract was tendered in accordance with the terms of the option. Appel-

lants refused to consider the offer made by respondents, and this action was then commenced, and the sum of fifteen hundred dollars was paid into court to be applied on the purchase price.

Appellants take the position in this case that the option to purchase was not absolute on the part of respondents but only became effective if the appellants desired to sell. They cite the following cases as authority for their contention: *Hayes v. O'Brien*, 149 Ill. 403, 37 N. E. 73, 23 L. R. A. 555; *Chandler & Co. v. McDonald-Weber Co.*, 215 Mass. 365, 102 N. E. 319; *Cloverdale Co. v. Littlefield*, 240 Mass. 129, 133 N. E. 565; *R. I. Realty Co. v. Terrell*, 254 N. Y. 121, 172 N. E. 262; *Buddenberg v. Welch*, 97 Ind. App. 87, 185 N. E. 865; and *Lewis v. Ludlam*, 115 Misc. 347, 189 N. Y. Supp. 636.

All of these cases involve clauses giving lessee the "first privilege," a "prior right," the "option to buy," or "privilege to re-lease," and hold that the lessee is not given an absolute right to such renewal or right to purchase, but only a right to the first opportunity to renew the lease, or buy the property if the landlord is then willing to lease or sell.

The facts in the case at bar are entirely different. In the contract before us, we find the definite statement that the farm is subject to sale, and that the lessee had the option to buy it. In other words, the lessors said to the lessees, "This farm is for sale, and you have the first right to buy it upon the terms and conditions named herein." Added to that statement, indicating their agreement and willingness to sell, is a provision that respondents will be paid for moving if the farm is sold to others. Another important portion of the contract, persuasive of the merit of the court's judgment, is that it names the purchase price for the farm and the terms of payment.

The cases of *Rothrock v. Hunter*, 66 Wash. 543, 119 Pac. 1114, and *Willenbrock v. Latulippe*, 125 Wash. 168, 215 Pac. 330, indicate the rule that should be followed in this state.

The first case considered a contract for the purchase of sheep. That contract provided that certain lambs could be

sold to any third party within a ten-day period, and then provided at the expiration of the option, that the lambs could be sold by the owners only to the other party to the contract. The owners of the lambs refused to deliver them, and the other party to the contract, Rothrock, brought an action for damages. This court affirmed the judgment in favor of the plaintiff.

In the *Willenbrock* case, a lease was made which contained the following option: "The lessee is hereby given and granted a first option to purchase the property hereby leased at the price of $1500.00 cash." The owner of the land refused to execute a deed, and suit was instituted to compel specific performance of the option clause contained in the contract of lease. This court held that the contract for sale was enforcible and affirmed the judgment of the trial court, which had decreed specific performance. It is true that the appellant in the cited case did not make an issue of the term "first option" as has been made in the case at bar. The case, however, indicates the attitude of this court toward leases such as we have before us at the present time.

For the reasons given in this opinion, the judgment of the trial court will be affirmed.

BEALS, C. J., MILLARD, STEINERT, and MALLERY, JJ., concur.