## CANFIELD and CRANE, ex'rs of Waring, *against* WESTCOTT.

In articles for sale of land; by which the vendee covenants to pay; and the vendor covenants to convey on payment, and the vendee agrees that if he fails in his covenant, the contract shall be void

ON demurrer to the declaration. This was in covenant on articles of agreement under seal, dated March 21st, 1820, between the defendant and the testator; whereby the defendant covenanted to pay the testator $416, with interest, &c. in four equal annual payments, the first instalment to be paid on or before the first day of January, 1825, &c. as the consideration of a lot of land. The testator covenanted that as soon as the defendant had fulfilled all the covenants on his part, he, the testator, would convey the lot to the defendant. The declaration averred that the two

first instalments were in arrear, and unpaid; and claimed to recover the whole with interest.

ALBANY, Feb. 1826.

The defendant craved and had oyer of the articles, whereby it appeared that after the mutual covenants above mentioned, the defendant bound himself, by the same articles, to settle on the lot in the season of 1820, and make various improvements; to commit no waste, &c. The articles then proceeded thus: " the said Daniel, (the defendant,) hereby agrees, that should he fail in performing any part of the above covenants, that this contract shall·become void, and of no effect; and that the said party of the second part, (the testator,) shall and may re-enter, and take possession of the said premises, without hindrance and molestation."

General demurrer and joinder.

Canfield
v.
Westcott.

action by the vendor for the money no part having been paid: *held*, that the action lay, the contract being void only at the election of the vendor. So if the contract contain a *general proviso*, that if the vendee do not perform, it shall be void; it is voidable only, at the election of the vendor. Vid. note (*a*) at the end of *Canfield* v. *Westcott*.

*J. Steele*, in support of the demurrer, insisted, that by the plaintiff's own showing, the agreement was void; that it was to become so by its own provision, if any of the defendant's covenants should not be kept; and the plaintiffs had shown the happening of this contingency. But,

*The Court*, without hearing J. Platt, who was to have argued against the demurrer, were clear that judgment must be for the plaintiff. They said the provision that this agreement should be void, was for the benefit of the vendor. On the vendee's default, the vendor might, therefore, consider the agreement void at his own election; or affirm it, and brings his action on the covenants; and they said this had been often so held in much stronger cases; as where the provision in the articles was general and positive, in the words of both parties, that if the vendee failed to perform, the contract should be void.

The Chief Justice told Steele, he might withdraw the demurrer and plead, if he had any other defence.

But Steele said he had not; and

The plaintiff had judgment. (*a*)

(*a*) May term, 1823. MANCIUS v. SERGEANT.

On Error to the C. P. of Columbia. The declaration in the court below was in covenant by Mancius against Sergeant, on articles of agreement, by which Mancius covenanted, on Sergeant's fulfilling his covenants after men-

ALBANY,
Feb. 1826.

Canfield
v.
Westcott.

tioned, to convey to him.   He then covenanted to pay, &c. by instalments
and the articles then provided, that if Sergeant should fail to perform hi
covenants, Mancius should be released and discharged from his covenants
and that Sergeant should forfeit his payments, (if any.)    The declaration
averred a total non-performance on the part of Sergeant.

General demurrer and joinder.

The C. P. gave judgment for the defendant below.

*E. Williams,* for the plaintiff in error.

*C. Bushnell,* contra.

*Curia,* per SAVAGE, Ch. J.   That the intent of the parties is to be the gov-
erning consideration in the construction of every contract, cannot be denied;
nor that such intent (when doubtful) is to be collected from the whole instru-
ment, and the nature of the contract ; every part of it having meaning and
effect if possible.

What, then, was the meaning of the parties when they entered into this con-
tract?   Did they intend it should be a *felo de se,* or that the defendant be-
low might make it so, or valid and operative at his election ?   What induce-
ment could the plaintiff below have for making such a contract ?

The covenants by the defendant below were absolute ; and on his perfor-
mance, the plaintiff below would have been bound ; but the clause providing
for a forfeiture of previous payment was totally inoperative until, at least, one
payment made.   The whole clause providing for the vendor's discharge from
his covenants, and the forfeiture of the vendee's payments, is clearly a condi-
tion in favor of the former ; not the latter.   The vendee was bound to pay at
all events.   If he had failed, even after having made payments, the ven-
dor might consider the contract at an end, and sell the land to another.
If, however, he chooses not to do so, but hold the vendee to his contract,
he has an undoubted right to enforce it by compelling payment.   A con-
trary doctrine would be allowing the vendee to take advantage of his own
negligence, without any advantage to the vendor, but rather an injury ;
as he is, in the mean time, prohibited from selling the land to any other pur-
chase⸱

Judgment reversed.

CHURCH *against* AYRES.

AFTER the decision in *Mancius* v. *Sergeant,* a question on the void
clause was submitted to the Supreme Court, between Church, plaintiff, and
Ayres, defendant.   The case was this ; Ayres paid Church $5 for land ;
and by articles between the parties acknowledging this payment, covenan-
ted to pay upwards of $400 more within nine years, by equal annual in-
stalments, with interest annually, &c.   The articles then had this clause :
" and in case default shall be made in any of the payments of the above
principal or interest, at any of the annual periods above stipulated for the
payment thereof, this agreement shall be absolutely null and void."   The

articles then proceeded to provide that if Church should not enforce the payments, or annul the contract, Ayers would pay interest upon interest, &c.

The money not being paid pursuant to the contract, Church brought covenant, alleging the breach ; and Ayers demurred.

<div align="right">
ALBANY,<br>
Feb. 1826.

*H. Welles,* in support of the demurrer.

*S. S. Haight,* contra.

SAVAGE, Ch. J. (in delivering the opinion of the court) after recognizing the same general principles as in *Mancius* v. *Sergeant,* that the intent is to govern &c. and every part of the contract is to have effect, proceeded as follows : " It seems to me very clear in this case, that it was the intention of the parties, that on the failure of the defendant to pay, according to his stipulation, it should be optional with the plaintiff, to avoid the contract, or not. A further provision is made in his favor, in case he shall not avail himself of the clause in question. It is a settled principle, that a party in whose favor a provision is made by the contract, may waive it if he pleases.

The very point now raised, was decided by this court, on the same state of pleadings, in *Van Rensselaer* v. *Fitch.* The case is not reported ; but I have been favored by the late Chief Justice, with the demurrer book, and the decision of the court, Van Rensselaer sued Fitch on an article of agreement, as follows: "First ; the said party of the second part, (Fitch,) agrees to purchase of the said party of the first part, Van Rensselaer, the lands hereinafter mentioned ; and to pay him for the same, the sum of $32 96, in one year from the date hereof, with interest on the same till paid ; *otherwise these presents to be void both at law and in equity."* Van Rensselaer then covenanted, that the money being paid, he would convey. To a declaration on this contract, the defendant demurred ; and judgment was rendered for the plaintiff.

The present is even a stronger case for the plaintiff. The authority cited is in point, and a similar judgment must be given.

<div align="right">Judgment for the plaintiff.</div>