## MORRIS v. GREEN.

(Supreme Court, Appellate Division, Second Department.   June 20, 1901.)

VENDOR AND PURCHASER—LAND CONTRACT—PAYMENT—INSTALLMENTS — DE-
FAULT—FORFEITURE—ELECTION—RIGHTS OF VENDOR.
    Defendant contracted to sell plaintiff certain lots payable in install-
ments, which the plaintiff promised to pay, the contract providing that,
in case of default in payment of any installment, all previous install-
ments should be forfeited to the vendor as liquidated damages, and be
irrecoverable by the vendee, and that the agreement should be of no
further effect. *Held*, that the provision for forfeiture was for the exclu-
sive benefit of the vendor, and hence he was not bound to terminate the
contract on the vendee's default in payment, but could treat it as con-
tinuing, and sue the vendee for the installments due.

Appeal from judgment on report of referee.

Action by John J. Morris against Samuel Green.   From a judgment in favor of plaintiff, and dismissing defendant's counterclaim, he appeals.   Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, JENKS, and SEWELL, JJ.

Max Cohen, for appellant.
Frederick W. Clark, for respondent.

SEWELL, J.   This action was brought to recover a balance claimed to be due on a contract for plumbing and for extra work performed by plaintiff in connection therewith.   The answer sets up by way of counterclaim that the plaintiff is indebted to the defendant in the sum of $245 upon an agreement for the purchase of two lots of land, wherein the plaintiff agreed to pay to the defendant the sum of $100 upon the execution of the contract, and $10 each month thereafter until the principal sum of $550 was fully paid.   The agreement also binds the plaintiff to pay all taxes and assessments upon said lots that shall, after that date, become due and payable, and then proceeds thus:

"And the party of the second part hereby expressly agrees with the party
of the first part that, should any default be made in the payment of the said
installments, or any one of them, on any day whereon the same may be-
come due, then and from thenceforth, after the lapse of thirty days from
the time of such default, each and every previous installment paid by the
party of the second part, without any notice to the said party of the second

part, notice, tender, and demand being hereby waived, become and be forfeited by the party of the second part to the party of the first part as fixed and liquidated damages, and be irrecoverable and beyond demand by the party of the second part, and this agreement shall determine, and be of no further effect or virtue."

The defendant covenanted, upon the payment in full to him of the said principal sum of $550 pursuant to the terms of the agreement, to convey the two lots to the plaintiff. The contract for plumbing bore the same date as the agreement to purchase, and provided that $150 of the sum to be paid to the plaintiff for his services under the plumbing contract should be credited to him by the defendant upon the land contract. The plaintiff did not deny this contract, or allege payment, and the proof was that none of the installments had been paid, and $245 were then due. The referee made no findings in respect to the counterclaim, and directed judgment in favor of the plaintiff for the sum of $131.35, the amount unpaid upon the plumbing contract. The respondent's counsel contends, and the referee seems to have based his decision in favor of the plaintiff on the proposition, that, the plaintiff having made default in the payment of the installments as they became due, the contract terminated, and the plaintiff was released from his obligation to pay. Obviously, the plaintiff's counsel and the referee totally misapprehended the legal effect of the provision in regard to forfeiture. This provision was intended as an additional security to the defendant that the installments would be paid at the appointed time. The contract imposed an obligation upon the plaintiff to pay the sum of $550, and gave to the defendant the option of terminating the agreement and retaining any sum unpaid as damages in case default was made in the payment of any installment. The plaintiff did not reserve the right to forfeit or rescind the agreement, or to discharge himself from his obligation if he failed to pay according to his stipulation, and we may safely conclude that no such thing was intended by either party. There is no authority for the contention that the plaintiff had the right to terminate the agreement; on the contrary, it has been decided in numerous cases that an agreement on the part of the vendee that a contract shall be void if he fails to perform is for the exclusive benefit of the vendor. Potter v. Insurance Co., 5 Hill, 147; Canfield v. Westcott, 5 Cow. 270; Mancius v. Sergeant, Id. 271, note; Church v. Ayres, Id. 272, note; Hyatt v. Wait, 37 Barb. 29; Litchfield v. Irvin, 51 N. Y. 51. In Mancius v. Sergeant, supra, the defendant covenanted to pay by installments, and the article then provided that if "Sergeant should fail to perform his covenants, Mancius should be released and discharged from his covenants, and that Sergeant should forfeit his payments"; and the court said:

"The covenants by the defendant below were absolute, and on his performance the plaintiff below would have been bound; but the clause providing for a forfeiture of previous payments was totally inoperative until at least one payment made. The whole clause providing for the vendor's discharge from his covenants, and the forfeiture of the vendee's payments, is clearly a condition in favor of the former, not the latter. The vendee was bound to pay at all events. If he had failed, even after having made payments, the vendor might consider the contract at an end, and sell the land to another. If, however, he chooses not to do so, but hold the vendee

to his contract, he has an undoubted right to enforce it by compelling payment. A contrary doctrine would be allowing the vendee to take advantage of his own negligence without any advantage to the vendor, but rather an injury, as he is, in the meantime, prohibited from selling the land to any other purchaser."

No affirmative evidence was necessary to show that the defendant did not elect to avail himself of his option. The reply admitted the defendant's cause of action upon the contract except the sum due, and that was established by undisputed evidence. There was no presumption in favor of the plaintiff, or any evidence in the case from which the referee could infer that the defendant terminated the contract. The defendant clearly was entitled to a finding of fact that there was then due from the plaintiff to the defendant the sum of $113.65, after deducting the amount found due the plaintiff for and on account of the matters set forth in the complaint.

The report is, therefore, against the evidence, and the judgment should be reversed, and a new trial granted; costs to abide the event. All concur.