QUEENS PARK GARDENS, INC., Appellant, *v.* MEYER SPAR, Respondent.

Supreme Court, Appellate Term, First Department, April 24, 1929.

*Celler & Kraushaar* [*Emil Weitzner* and *Meyer Kraushaar* of counsel], for the appellant.

*Joseph M. Schwartz*, for the respondent.

PER CURIAM. Where a contract for the sale of land provides for partial payments of the purchase money prior to the delivery of the deed, the vendor may sue for such intermediate installments when due without tendering a conveyance. (*Paine* v. *Brown*, 37 N. Y. 228.) But when, after all the installments are due, the vendor brings an action for the purchase money, he is not entitled to recover without proving an offer before suit to convey the land to the defendant on receiving the purchase price. (*Eddy* v. *Davis*, 116 N. Y. 247.) The present action comes within the first classification, and, therefore, plaintiff had a right to maintain this action for intermediate installments without pleading a tender of the deed. The 3d paragraph of the contract of sale did not nullify the vendor's right to treat 'the contract herein as subsisting and sue for the installments due thereunder. The said clauses were for the benefit of the vendor (*Born* v. *Schrenkeisen*, 110 N. Y. 55, 59; *Morris* v. *Green*, 62 App. Div. 460) and gave him two options, in the event of non-payment of any installments which were in addition to the contractual right here sought to be enforced. These options were, *first*, to rescind the contract and retain the installments as liquidated damages, and *second*, to sue for the whole amount of the purchase price. The failure of the vendor to take advantage of either of these options would not prevent the bringing of this action for unpaid installments, nor is it necessary for him to allege in his complaint herein that he has failed to take advantage of them.

Order reversed, with ten dollars costs and disbursements, and motion granted.

All concur; present, BIJUR, CALLAHAN and PETERS, JJ.