JAMES H. HAYES and Another as Executors, etc., of WILLIAM D. N., PERINE, Deceased, Plaintiffs, *v.* GEORGE AUSTIN WIGHTMAN, Defendant.*

First Department, December 20, 1932.

---

* Affd., 261 N. Y. 708.

*James Henry Hayes* of counsel [*Alvah H. Combs* with him on the brief; *Hayes, Nottingham & Combs*, attorneys], for the plaintiffs.

*Lloyd Paul Stryker*•of counsel [*Harold Shapero* with him on the brief], for the defendant.

O'MALLEY, J. By agreement between the parties to this submission, all the share, right, title and interest of the plaintiffs' testator as a limited partner in the firm known as Wightman, Williams & Co. were assigned to the defendant. In consideration of such assignment, the defendant agreed to pay to the plaintiffs the sum of $62,390, which has been paid, and further agreed to pay an additional sum of $40,110 with interest at six per cent from August 3, 1932, in the event that it was finally determined by submission of controversy, or by an action in the Supreme Court, that such sum is rightfully due plaintiffs under the terms of the partnership agreement. The additional sum was the amount of a proportionate loss charged on the books of the partnership to plaintiffs' testator as of the date the assignment was to take place and the interest computed.

The partnership was formed March 3, 1930, with a total capital contribution of $900,000, and consisted of four general and four limited partners. Plaintiffs' testator, as already stated, was a limited partner and contributed to the capital $100,000 in cash.

The material paragraphs of the articles of copartnership are as follows:

"*Fifth.* The profits of the partnership shall be divided as follows:

" (a) In each year each limited partner shall receive a sum equal to 6% of the amount contributed by him to the capital of the partnership.

" (b) In each year after making the distribution to the limited partners provided for in subdivision (a) of this paragraph each general partner shall receive a sum equal to 6% of the amount contributed by him to the capital of the partnership.

" (c) The balance of the profits in each year shall be divided among the general partners and the limited partners in the following proportions:

| | |
|---|---|
| George B. Wightman | 43 4/9% |
| Remsen T. Williams | 16 2/3% |
| Bert F. Parsons | 5 5/9% |
| Edward F. Ryan | 1% |
| Charles S. Parsons | 5 5/9% |
| Joseph H. Emery | 5 5/9% |
| Harrison P. Shedd | 11 1/9% |
| William D. N. Perine | 11 1/9% |

"*Sixth.* Losses suffered or incurred in the conduct of the business of the partnership shall be borne by all the parties hereto in the same proportion in which they are entitled to share in the profits of the partnership as provided in subdivision (c) of paragraph Fifth hereof provided, however, that no limited partner shall in any event be liable for or subject to any loss whatsoever beyond the amount contributed by him as aforesaid to the capital of the partnership and provided further that no limited partner shall be personally liable for any debts, engagements or losses of the partnership in any event or to any extent whatsoever.

"*Seventh.* Upon dissolution or termination of the partnership, after the liabilities thereof shall have been paid, payment shall be made to the partners in the following order:

"(a) To the limited partners the sums to which they are entitled by way of interest on their capital contribution and their share of profits.

"(b) To the limited partners the amount of their capital contributions.

"(c) To the general partners such sums as may be due, if any other than for capital and profits.

"(d) To the general partners the amount they are entitled to receive as interest on their capital contribution and as profits.

"(e) To the general partners for their capital contributions."

It was further provided in the articles of copartnership:

"*Sixteenth.*  \*  \*  \*

"On the death of any limited partner the partnership shall cease and its affairs shall be liquidated unless within four months after the death of such limited partner his interest in the partnership shall be assigned to an assignee who may with the consent of the surviving partners become a substituted limited partner.

"*Seventeenth.* Any limited partner, and his executors and/or administrators, may at any time sell, assign and transfer the interest of such limited partner, and such assignee may become a substituted limited partner provided the surviving general partners consent thereto in writing."

It further appears that within four months after the death of plaintiffs' testator the assignment to the defendant of his limited interest had taken place with the consent of the surviving partners, the purpose being to obviate liquidation.

On August 3, 1932, the firm had suffered losses, the proportionate share of the plaintiffs' testator being the sum already mentioned, $40,110. After payment of creditors there remained on hand assets more than sufficient to pay all the limited partners their

capital contribution plus interest, but after such payment of creditors and limited partners there would not have been funds enough to pay the general partners their contribution in full.

In construing this agreement in the light of the stipulated facts, we must under well-settled principles place such construction upon it, if possible, as will give full force and effect to its each and every part.

In our opinion the agreement read as a whole should be construed as contended for by the defendant who, accordingly, should have judgment directed in his favor. True it is that paragraph seventh above quoted provided that upon dissolution or termination of the partnership, payment shall be made to the partners in the order which would first give the limited partners the sums to which they were entitled by way of interest on their capital contribution and share of profits and the amount of their capital contribution. Standing alone this would entitle the plaintiffs to the return of their testator's contribution in full. It is distinctly provided in paragraph sixth, however, that " Losses suffered or incurred in the conduct of the business of the partnership shall be borne by all the parties  *  *  *  in the same proportion in which they are entitled to share in the profits of the partnership as provided in subdivision (c) of paragraph Fifth  *  *  *."

Unless under the circumstances here presented a limited partner, upon the dissolution or termination of the partnership, was compelled to accept his capital contribution with a reduction of the proportionate share of the losses then standing against him on the books of the company, paragraph sixth would never become practically operative, save as a mere bookkeeping detail.

It is further to be noted, moreover, that under the agreement between the parties which is made a part of the facts stipulated, there has been no dissolution or termination of the partnership. The surviving partners have not only assented to, but have requested the assignment of the share of plaintiffs' testator to the defendant to avoid liquidation and enable the continuance of the partnership. Under these circumstances the plaintiffs assigned and the defendant received merely the interest of the deceased limited partner. On the day in question that interest was subject to a charge of his proportionate share of the losses, the sum here in dispute.

The provisions of the Partnership Law are not determinative. We are here concerned with a specific agreement which is not contrary to the provisions of the partnership, or any other law. Indeed, subdivision 2 of section 112 of the Partnership Law provides that the claims of limited partners to the partnership assets are

" Subject to any statement in the certificate or to subsequent agreement \* \* \*."

Judgment is accordingly directed in favor of the defendant, but under the stipulation of the parties is to be entered without costs or disbursements to either party.

·FINCH, P. J., MARTIN and TOWNLEY, JJ., concur; MERRELL, J., dissents and votes for judgment for plaintiff.

Judgment directed in favor of defendant, without costs. Settle order on notice.