ANTONIO GIOIA, Plaintiff, *v.* ALFONSO GIOIA and A. GIOIA & BROTHER, Defendants.*

Supreme Court, Monroe County, March 29, 1939.

*Affd., 257 App. Div.——.

*Skivington & Skivington,* for the plaintiff.

*Chamberlain, Page & D'Amanda,* for the defendant Alfonso Gioia.

VAN VOORHIS, J. Antonio Gioia, the plaintiff, and defendant Alfonso Gioia, on February 28, 1938, dissolved their partnership known as A. Gioia & Bro. by entering into an agreement of dissolution containing provision for arbitration of disputes arising under it. The present action is brought to compel the defendants to fulfill the dissolution agreement, and the question here is whether the arbitration provisions therein contained are exclusive. The partnership engaged in a variety of activities including the manufacture of macaroni and a private banking business. The complaint alleges that the dissolution agreement provided that each partner was to bid for the business of the copartnership, that the plaintiff was the successful bidder and acquired the assets for $175,050, and the court is asked to confirm him in his title to the property, to take an accounting of moneys owing by defendant Alfonso Gioia to the partnership and of other items which were to be credited under the agreement against the amount bid by plaintiff, and to restrain the defendant Alfonso Gioia from using the trade-mark or name of the partnership or names confusingly similar in contravention of the terms of the agreement. Other relief is demanded of an equitable nature which is not necessary to be referred to.

The sixteenth paragraph of the dissolution agreement states that " any misunderstanding or dispute with respect to this agreement and any unliquidated claims, except as provided in clause eight hereof, shall be referred to Adolph J. Rodenbeck and Francis J. D'Amanda, and in case of disagreement by them, in conjunction with a third arbitrator to be selected by them, the decision of a majority to be final and binding without appeal."

Clause eight just referred to provides that " any indebtedness, obligation or claim owing by Alfonso Gioia to the partnership, if not agreed on, is to be determined by a referee to be selected, by the partners, and in case of disagreement, by arbitration, each

partner selecting an arbitrator and the two arbitrators selecting a third arbitrator, the decision of the referee or arbitrators being final and conclusive and not subject to appeal."

Although these provisions would have been invalid at common law (*Meacham* v. *Jamestown, F. & C. R. R. Co.*, 211 N. Y. 346), they are upheld under the Arbitration Law, now Civil Practice Act, sections 1448–1469 (*Matter of Berkovitz* v. *Arbib & Houlberg*, 230 N. Y. 261; *Gilbert* v. *Burnstine*, 255 id. 348), and would unquestionably control the disposition of this application except for the seventeenth paragraph of the dissolution agreement which is as follows: " An action may be maintained in law or equity for specific performance, damages or otherwise under this agreement, in which appropriate injunctive or other relief may be granted."

The contract must be construed, if possible, so as to give effect to every part of it under the rule that the parties are presumed to have inserted each provision to serve some useful purpose (*Hayes* v. *Wightman*, 237 App. Div. 158, 161; affd., 261 N. Y. 708). All parts are to be read together in order to determine the intent ( *Koles* v. *Borough Park Co.*, 142 App. Div. 765, 769.) In order to give effect to each paragraph it is necessary to construe the contract as outlining procedure for arbitration in event that both sides choose to arbitrate when the occasion arises but as leaving open resort to action at law or in equity in case either party elects. The language of paragraph seventeenth is too broad to admit of an interpretation that it was inserted merely to express the right which the parties otherwise would have possessed by operation of law to maintain an action to enforce an award by the arbitrators. An action upon the award was the method of enforcement under the common law. The statutes do not prohibit that form of procedure (Civ. Prac. Act, § 1469) but render it obsolete by making the award a rule of court enforcible like a decision by the entry of judgment thereon. (Civ. Prac. Act, §§ 1464–1466.) These provisions were enacted as an aid to common law arbitrations long before the Arbitration Law was adopted in 1920 (*Matter of Fletcher*, 237 N. Y. 440, 447). It is unlikely that the parties incorporated into the agreement the paragraph providing for the maintenance of actions merely to protect a right which would never be used, and which, if they desired to employ it, they would have had by operation of law. (Civ. Prac. Act, § 1469; *Supervisors of Erie County* v. *City of Buffalo*, 63 Hun, 565; affd., 138 N. Y. 629.) The language chosen is inappropriate to confine relief by action to actions upon an award. Even under the procedure before the Arbitration Law an action upon the award partook of the nature of an action on a

judgment. (*Smith* v. *Lockwood*, 7 Wend. 241, 244; *Sweet* v. *Morrison*, 116 N. Y. 19, 27.) It would have been simple to have drawn paragraph seventeenth so as to provide that an action *upon an arbitration award* may be maintained, etc. Instead the right is given to maintain actions " in law or equity for specific performance, damages, or otherwise under this agreement." Neither was reference made to actions for specific performance to compel a recalcitrant party to arbitrate. That is taken care of by section 1450 of the Civil Practice Act as defendant recognizes by making this application pursuant thereto. Both actions for specific performance and damages are contemplated in connection with enforcement of the substantive rights of the parties arising out of the dissolution agreement. A submission to arbitration phrased as is paragraph sixteenth is authority to the arbitrators to assess damages against the party in default. (*Matter of Marchant* v. *Mead-Morrison Mfg. Co.*, 252 N. Y. 234, 298, 299.) No object would have been gained by referring to actions for damages unless that remedy was intended to run concurrently with arbitration. " It is a very easy thing for contracting parties to provide in a few words for a general arbitration if they are minded so to do. They are not to be trapped by a strained and unnatural construction of words of doubtful import into an abandonment of legal remedies unwilled and unforeseen." (*Matter of Marchant* v. *Mead-Morrison Mfg. Co.*, *supra*, p. 303.)

No reference has been made to the eighteenth paragraph of the agreement for the reason that it has no effect upon the present controversy. It recites the pendency of an action for dissolution at the time when the agreement was made and provides that in event of rescission of the agreement, the action for dissolution shall continue. The purpose is manifestly to provide that if for sufficient reason the dissolution agreement should be set aside, the partnership would be wound up under the Partnership Law instead of under the agreement. That has no bearing upon whether disputes arising under the agreement shall be disposed of by arbitration or by action.

The motion is denied, with costs.