ZORA REALTY COMPANY, Landlord, *v.* RAYMOND R. GREEN, Tenant.

Municipal Court of the City of New York, Borough of The Bronx, June 7, 1946.

*Archibald Palmer* for landlord.

*Arthur C. Parker* for tenant.

*Milton A. Seymour, Chief Area Rent Attorney,* for Office of Price Administration, Bronx Area Rent Office, *amicus curiæ.*

LORETO, J. The petitioner corporation seeks by this summary proceeding to evict the occupant, Robert H. Green, of a certain dwelling located in the borough of The Bronx, New York City, claiming he is a squatter. The latter contends that he is a lawful occupant of the premises coming within the protection of section 228 of the Real Property Law and the pro-

visions of the Rent Regulation for Housing in the New York City Defense-Rental Area (8 Federal Register 13914, as amd.) with which the petitioner must comply as a condition precedent to the institution of this proceeding, and he further urges that, since the petitioner has failed to comply therewith, the petition should be dismissed.

This controversy has its origin in the execution by the petitioner corporation to Green of an option to sell the dwelling and the furniture therein, as well as a lease thereto, both dated April 26, 1945, followed by a contract of sale of the premises dated April 27, 1945, under which Green entered into possession. Upon breach of the agreement of sale by Green, the corporation brought an action for declaratory judgment against him in the Supreme Court, Bronx County, which rendered the following decision, in part (60 N. Y. S. 2d 440, 446–447): " Plaintiff in my opinion is entitled to have judgment adjudicating the two agreements valid and enforceable in accordance with their terms. It is deemed equitable, nevertheless, because of the complexities arising out of considerations of housing shortage and O. P. A. regulations, that the parties be afforded a reasonable period of time to reconsider the situation in which the declaration of rights to be made in this action will place them. Therefore, I deem it proper and required by equity under the circumstances presented in this action to rule that unless the judgment entered herein is complied with by the defendant, within thirty days after service of the judgment, with notice of entry, the entire transaction, including the written lease, will be declared rescinded by reason of defendant's failure of performance of the agreement of sale and his fraud in inducing plaintiff to enter into same. Costs are awarded to plaintiff.

" However, this court will decline to do more than render declaratory judgment. In respect of the occupancy of the property by the defendant, the parties will be relegated to such appropriate relief, by action or proceedings, under New York Law, upon compliance with O. P. A. Rent Regulations for Housing in the New York City Rental Area as and if the parties be so advised."

The judgment therein entered provides, in part: " IT IS ADJUDGED, DECREED AND DECLARED: * * * Defendant having secured the agreement of lease dated April 26, 1945 by fraud and deceit and having breached the said agreement of sale dated April 27, 1945, the said lease is hereby declared and adjudged to be of no further force or effect."

The court deeming it equitable and just, it is " FURTHER ORDERED, ADJUDGED AND DECREED that the operation of the provisions of the paragraph numbered ' 3 ' of this judgment, declaring the said lease dated April 26th, 1945 of no further force and effect   *   *   *   ."

Green failed to cure his defaults under the agreement of sale within thirty days of the service of a copy of the Supreme Court judgment with notice of entry thereof, and he has continued to remain in possession of the premises, offering to pay the rental of $200 per month provided by the lease, which the petitioner corporation has refused to accept. This proceeding is a natural sequel.

The decisive point in this case is — " Did Green enter into possession of the premises as a lawful occupant? " If that question has been answered or if its answer is implicit in the Supreme Court decision and decree, that determination will be controlling over this court.

The decision of that court further states (60 N. Y. S. 2d 440, 444, *supra*) : " There being but one transaction and bargain, the contract of purchase and sale was the major part and the agreement of lease was the incidental part. The owner was bound by the terms of this contract to deliver title. The defendant also was obligated thereby or through the implications necessarily arising therefrom to pay the price and complete the purchase. However, he did not enter into the agreements in good faith in that he intended at the time of the signing and delivery thereof to breach and repudiate the agreement of sale and not pay the price in the installments as agreed, or to complete the purchase as provided in the written agreement but in fact to gain entry into the occupancy of the property and to stop payment on the check given as the first payment on account of the purchase. The defendant secretly intended to obtain possession of the premises solely in accordance with the agreement of lease."

Therefore, there has been a finding that Green intended to enter possession solely in accordance with the agreement of lease, which the judgment " declared and adjudged to be of no further force or effect."

The Supreme Court did not see fit in the exercise of its equitable powers to declare the lease null and void *ab initio*. Had it so done, it would have destroyed any rights that Green might have acquired by reason of the making of the lease and his entry into possession thereunder.

It is beyond the power of this court to declare that by reason of any fraud practiced this lease is null and void *ab initio* or for this court to attempt to reach such a conclusion in the face of that decision, which is explicitly different, leaving untouched the validity of the lease for the period of time between the date of its execution and the date of the entry of the declaratory judgment. Any dissatisfaction with the extent to which that decision goes can only be reviewed by the appellate courts.

If a legal rescission of the lease existed, or a determination that it was void *ab initio* because of fraud in the factum, the parties thereby would have been restored to their original status and they would be treated as though they acquired no rights under the lease. (*Bard-Parker Co., Inc.*, v. *Dictograph Products Co., Inc.*, 258 App. Div. 638.)

As the matter now stands, this court is constrained to hold that Green's occupancy was commenced under a lease not vitiated by judicial determination at its inception. Perforce, it follows that such initial occupancy was lawful, and comes within the purview of the rent regulations. (*Pfalzgraf* v. *Voso*, 184 Misc. 575.)

Although the situation here is different from cases where one goes into possession under a valid lease, which is declared void by reason of the violation of some provision in it, after he has entered into possession, the same result will obtain here, in that his continued occupancy will be treated as one at will, requiring the service of the notice required by section 228 of the Real Property Law. (*O'Neill* v. *Derderian*, 139 Misc. 888.)

It becomes unnecessary in the light of these views to pass upon the remaining point raised as to whether there was payment and receipt of rent since the entry of the Supreme Court judgment, recreating a lawful tenancy.

The motion of the petitioner to strike out the appearance and intervention of the Office of Price Administration attorney is denied.

The petition is accordingly dismissed because of the failure of the petitioner to comply with section 228 of Real Property Law and the applicable provisions of the rent regulation.