Leon D. Lazer, J.
Plaintiffs, who received a $5,000 down payment under a written contract relating to the ‘ ‘ purchase and rental” of their seven acres of land in East Northport, seek in this action to recover an additional $5,000 allegedly due on December 28, 1971 under that writing. The instrument designates the plaintiffs as the “seller (lessor) ” while the defendant is termed the “purchaser (lessee)”. It consists of a Board of Title Underwriters contract form and a typewritten rider. The form contains a metes and bounds description and the usual printed provisions. The first three paragraphs of the rider read as follows:
“ The purchase price for the subject property is one hundred ten thousand (110,000.00) dollars. $5,000.00 on signing of this option to purchase and rental agreement. $5,000.00 on December 28th 1971.
“ The above sums are to he considered rental for the fiscal year 1971, upon the following conditions.
*860 “ Purchaser (lessee) shall have the option of renewing this option to purchase (Lease for the fiscal year 1972 by payment of the sum of $5,000.00 on January 18th, 1972 and the sum of $5,000.00 on June 30th, 1972 it being understood and agreed that if purchaser (lessee) shall have the option to purchase the subject property for the sum of $110,000.00 aforementioned with a closing date to be no later than December 31st, 1972 on an all cash basis. All rents paid shall be applied towards the purchase price.”
The penultimate paragraph of the rider (hereinafter referred to as the “default clause”) reads as follows: “If purchaser (Lessee) shall default in ay [sic] of the terms of this agreement, mondes [sic] received by seller (lessor) shall be deemed rent for use and occupancy of the subject premises and tenant will quit and vacate premises and surrender same to Landlord. ’ ’
The only witness to take the stand at the trial was plaintiff Jacob Bottkamp through whose testimony the writing was received in evidence although he failed to identify the signatures of the coplaintiffs. When testimony concerning the circumstances of the making of the agreement was excluded by the court as violative of the paroi evidence rule, plaintiffs’ attorney failed to make the necessary offer of proof to show its competence (see 88 C. J. S., Trial, § 77). It is the burden of the party offering evidence to show that it falls within the exception to any rule of limitation (88 C. J. S., Trial, § 75) and this is certainly so when a written agreement is sought to be varied or explained. A writing admitted into evidence at a trial may not have been seen or perused previously by the court, and an objection to paroi evidence concerning it will ordinarily be sustained unless the pleadings, the issues or an offer of proof by counsel demonstrate that background or explanatory testimony is necessary for an understanding of the writing. In the current instance, defendant’s objection to such testimony on the traditional ground that the instrument spoke for itself evoked no offer of evidence or explanation from plaintiffs. It is this failure which has resulted in the construction problem on which this case turns.
Mr. Bottkamp did explain, however, that the term 1‘ fiscal year 1971 ” contained in the rider referred to that calendar year. Although during his several visits to the premises after execution of the agreement he found defendant’s son in possession, the conclusion is inescapable that some time after September 30, 1971, the date of the last such visit, the defend *861 ant abandoned or surrendered possession of the premises which were then rerented by plaintiffs in June of 1972.
At the conclusion of the plaintiffs’ case, defendant made the usual motions and rested. The essence of his approach is twofold; the default clause limits plaintiffs to the sums already in their hands, and ambiguities in the agreement must be construed against the plaintiffs who drew it.
The determination of this litigation rests on the construction of the agreement. Construction of a contract is necessary where its terms are ambiguous (17A C. J. S., Contracts, § 294, subd. b, p. 28; Matter of Western Union Tel. Co. v. American Comr munications Assn., 299 N. Y. 177, or are of doubtful or uncertain meaning, or are contradictory; Hockensmith Contr. Co. v. Carnegie-Illinois Steel Corp., 22 N. Y. S. 2d 280, revd. on other grounds 261 App. Div. 349). The fundamental rule in the construction of all agreements is to ascertain the substantial intent of the parties (Kennedy v. Porter, 109 N. Y. 526). The purpose to be accomplished and the object to be advanced may be considered (Manson v. Curtis, 223 N. Y. 313; Atwater & Co. v. Panama R. R. Co., 246 N. Y. 519; O’Neil Supply Co. v. Petroleum Heat & Power Co., 280 N. Y. 50; 17A C. J. S., Contracts, § 294). Construction must be as of date of the making of the contract (Industrial Development Foundation of Auburn v. United States Hoffman Mach. Corp., 11 Misc 2d 625, affd. 8 A D 2d 579, mot. for lv. to app. den. 8 A D 2d 757). In determining the nature of a contract and its meaning all of its provisions must be considered (17A C. J. S., Contracts, § 294; Rentways, Inc. v. O’Neill Milk & Cream Co., 308 N. Y. 342; Atwater & Co. v. Panama R. R. Co., supra).
The instrument in issue is susceptible to several constructions. It may be a contract to sell, a lease, an option, or as a hybrid a lease with an option to purchase. If the agreement is construed as a contract to sell, the plaintiffs must fail. The measure of damages for breach of a contract to sell real estate is the difference between the contract price and the market value of the property at the time of the breach (Bulkley v. Rouken Glen, 222 App. Div. 570, affd. 248 N. Y. 647). No proof of such damage was adduced.*
If, however, the instrument is construed as a lease (see Judge Del Giorno’s definition in Rochester Poster Adv. Co. *862 v. State of New York, 27 Misc 2d 99, affd. 15 A D 2d 632, affd. 11 N Y 2d 1036), an option agreement (Zora Realty Co. v. Green, 186 Misc. 1044), or a hybrid of these, it is the plaintiffs who must prevail. Under the lease construction, the defendant had the legal right of possession until December 31, 1971 and was obligated to pay the rent therefor. Such rent has been described as the purchase price for the estate and land thus acquired (see 59 Madison Ave. Corp. v. Bauer, 15 Misc 2d 780). No further proof of damage, is required because in this State there is no duty to mitigate damages upon a tenant’s abandonment of a lease (Becar v. Flues, 64 N. Y. 518; Sancourt Realty Corp. v. Dowling, 220 App. Div. 660; and cases collated in Ann. 21 ALR 3d 534, 554). The contract rent was $10,000. Half of that sum having been paid, plaintiffs’ damage is $5,000.
It is the court’s conclusion, however, that the primary purpose of the writing was to give the defendant the right of purchase and the agreement must be construed as an option. An option is an irrevocable contract given for consideration, unilateral in form and nature, by which the owner of real property agrees that another sháll have the right to buy property at a certain price and within a stipulated time (62 N. Y. Jur., Vendor and Purchaser, § 16). If the recited consideration has not been paid, the optioner may recover it (91 C. J. S., Vendor and Purchaser, § 7, subd. c). On failure to exercise the option within the allotted time, the optionee forfeits the money paid (91 C. J. S., Vendor and Purchaser, § 7, subd. d), thus compensating the optioner for holding the property for the option until the expiration date (Callender v. Price, 87 Pa. D. & C. 501). An option is distinguishable from a contract to sell by reference to the buyer’s obligations. Under a contract to sell the purchaser has not only the right to purchase, but is obligated to do so, whereas in an option, the seller alone is obligated, and the purchaser may or may not buy at his own will (62 N. Y. Jur., Vendor and Purchaser, § 16; Zora Realty Co. v. Green, 186 Misc. 1044, supra; Berman v. Keener, 85 N. Y. S. 2d 483).
Here the rider designates the writing as an “ option to purchase and rental agreement”. By terming the payments “ rental ” and providing for renewal of the option (or lease), the sums paid (or owed) for the option are forfeited upon expiration of the time limited without exercise of the purchase right. Nevertheless, if this construction is incorrect and the primary purpose of the agreement is rental of the land with a collateral right of purchase, the result remains the same. The *863 defendant owes either the balance of the option consideration or the balance of the contract rent. The fact that he was not required to purchase the property does not relieve him of the obligation to pay the option consideration.
The construction adopted is consistent with the default clause which must be presumed to have been inserted in the rider deliberately and for a purpose (Gioia v. Gioia, 171 Misc. 683, affd. 257 App. Div. 920). While parties to a contract may agree to extend and restrict the liability arising out of a breach (Mokar Props. Corp. v. Hall, 6 A D 2d 536; 5 Corbin, Contracts, p. 419), the default clause does not operate to restrict this defendant’s liability.
In Morris v. Green (62 App. Div. 460), a similar default clause was interpreted by the Second Department. The contract involved installment payments for the purchase of certain lots until the full price was paid. If the purchaser defaulted in payment of an installment, his prior payments were to be forfeited by him as liquidated damages “ and be irrecoverable and beyond demand by the party of the second part, and this agreement shall determine, and be of no further effect or virtue.” (p. 461).
The plaintiff in Morris was a defaulting purchaser who took the position that he was released from further payments. The court disagreed (p. 461): “ The plaintiff did not reserve the right to forfeit or rescind the agreement, or to discharge himself from his obligation if he failed to pay according to his stipulation, and we may safely conclude that no such thing was intended by either party. There is no authority for the contention that the plaintiff had the right to terminate the agreement; on the contrary, it has been decided in numerous cases that an agreement on the part of the vendee that a contract shall be void if he fails to perform is for the exclusive benefit of the vendor. (Potter v. Ontario & Livingston Ins. Co., 5 Hill, 147; Canfield v. Westcott, 5 Cow. 270; Mancius v. Sergeant, Id. 271, note; Church v. Ayres, Id. 272; Hyatt v. Wait, 37 Barb. 29; Litchfeld v. Irvin, 51 N. Y. 51.)”
When a written instrument provides that it shall become void in the event of default by one party to perform some covenant it becomes void only upon the claim and the option of the party for whose benefit the covenant was inserted and who is injured by the default (Born v. Schrenkeisen, 110 N. Y. 55; Rollton Syndicate v. Widlitz, 219 App. Div. 537; Mall v. Sloan, 256 App. Div. 891). The default clause at issue provides neither for liquidated damages nor limitation of liability *864 (Lawrence v. Miller, 86 N. Y. 131; 5 Williston, Contracts [3d ed.], § 781 A). Such a provision is never read into a contract by implication (Winkelman v. Winkelman, 208 App. Div. 68). The clause provides for forfeit of the sums already paid by vendee but it does not restrain vendor from recovery of sums still due as option consideration (or contract rent). It offers no solace to the defendant who had no obligation to pay sums beyond $10,000 in any event, if he did not renew the option (or the lease). The characterization of defendant’s possession of the premises as “ use and occupancy ” in case of default is a further indication that the purchase right was primary.
Defendant’s ultimate bastion is the ancient axiom that an ambiguity in a contract should be resolved against the party who prepared it (Mutual Life Ins. Co. of N. Y. v. Hurni Packing Co., 263 U. S. 167; Rentways, Inc. v. O’Neill Milk & Cream Co., 308 N. Y. 342, supra). But this rule is the last one which the courts will apply and then only if a satisfactory result cannot be reached by other rules of construction (17A C. J. S., Contracts, § 324; 3 Corbin, Contracts, § 559). There is no need to fall back upon such a last resort. Meaning and force has been given to the language of the agreement. An arbitrary rule based on inability to interpret the language need not be invoked.
Plaintiff Joseph Bottkamp is entitled to judgment in the sum of $5,000, plus interest from December 28, 1971.

 The result is different if the writing is construed as an installment contract (see 1A Warren’s Weed, New York Real Property, § 6.13) since in such case the vendor may sue for each installment as it becomes due (Beecher v. Conradt, 13 N. Y. 108; Eddy v. Davis, 116 N. Y. 247).