PER CURIAM:
Plaintiffs appeal from an order of the United States District Court for the Southern District of New York, Robert J. Ward, Judge, granting defendant’s motion for summary judgment and dismissing the complaint. Since an examination of the record on appeal indicates that there is no genuine issue as to any material fact and that the defendant is entitled to a judgment of dismissal in its favor, we affirm.
Plaintiffs brought this action[1] charging defendant, Atlantic Richfield Company (Atlantic), with breach of contract[2] and violation of their civil rights.[3] The dispute arose out of the following uncontroverted events.
Plaintiff Gatling and the defendant Atlantic agreed in writing[4] that Atlantic would pay fixed sums and royalties to Gatling “should Atlantic acquire mining rights on one or more of your tentative prospects.” Payments were to accrue to Gatling if (1) “a prospect be defined”, and (2) if within five years from the date of the agreement, Atlantic acquires certain rights to the lands or minerals in the “prospect.” A prospect was defined by the agreement as an area within a one-half mile radius from a point at which Atlantic has confirmed, by sampling and analysis, the presence of uranium. The agreement further provided that, in the event Atlantic did not “make an on-site inspection of one or more of your tentative prospects within six months from the date hereof, this Agreement will terminate at the end of that six month period.” The agreement also provided for its termination “with respect to any prospect in which Atlantic advises you in writing that it has no interest.” Finally, Gatling agreed that tentative prospects would be disclosed to At *187 lantic in writing and that he would not reveal information or data relative to tenta-
tive prospects to others until the contract was terminated.
After the execution of the agreement, H. Bryce Parker, Land Manager, Resources Development Group of Atlantic’s Synthetic Crude and Mineral Division headquartered at Denver, Colorado, together with an Atlantic geologist met with the plaintiffs at Highland Park, New Jersey. Parker advised the plaintiffs at that conference that Atlantic was not interested in any areas “where Atlantic Richfield already had exploratory work underway or in areas already identified in publicly available materials as possible sites of uranium deposits.” As a result of the March 3 conference, it “became apparent that Gatling had nothing of value to offer Atlantic Richfield.” The conference took place on Wednesday after which Parker returned to his Denver office. On the following Monday, he advised Gatling in a letter that for economic reasons, Atlantic had no interest in uranium prospects in New Jersey and, accordingly, had decided not to make any on-site inspections of any of Gatling’s tentative prospects. In view of this decision, Atlantic regarded the agreement as terminated and released Gatling from the obligation not to disclose information to others.
Plaintiffs then sued, alleging in their complaint that this termination constituted a breach of the agreement and resulted from Atlantic’s discovery “that the plaintiffs were Negroes.”
We agree with Judge Ward that the agreement gave Atlantic an option and that the non-exercise or termination of it did not create a claim in favor of plaintiffs. Richardson v. Hardwick, 106 U.S. 252, 255, 1 S.Ct. 213, 27 L.Ed. 145 (1882); see also Rottkamp v. Eger, 74 Misc.2d 858, 862, 346 N.Y.S.2d 120, 126 (Sup.Ct.1973). Accordingly, since there were no unresolved issues as to the alleged breach of contract claim, the grant of summary judgment as to that claim was clearly proper. Ped.R.Civ.P. 56.
However, unlike Atlantic and the district court, we do not regard the resolution of the contract claim as dispositive of the grant of summary judgment on plaintiffs’ civil rights claim. There is no substantial dispute between the parties concerning the basic criteria for the grant of summary judgment. They recognize that the movant has the burden of establishing the absence of material factual issues by proof which would be admissible at trial. See Adickes v. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Heyman v. Commerce and Industry Insurance Co., 524 F.2d 1317, 1320 (2d Cir. 1975). Also, the party opposing the motion cannot rely on the pleadings to raise an issue. Fed.R. Civ.P. 56(e); see Beal v. Lindsay, 468 F.2d 287, 291 (2d Cir. 1972); Dressler v. MV Sandpiper, 331 F.2d 130, 132 (2d Cir. 1964) (Summary judgment pierces the pleadings.). They differ, however, as to the application of these criteria to the facts of this case.
In applying these criteria, the most significant factor to be considered is that the facts sworn to in the affidavit submitted by Atlantic and in their 9(g) statement,[5] are all admitted by reason of the plaintiffs’ failure to deny them in any permissible fashion.
Atlantic has negated the plaintiffs’ claim that the option was terminated “because of the discovery by [Atlantic’s] official that the plaintiffs were Negroes.” It has produced satisfactory evidence that the termination resulted, not because of plaintiffs’ *188 race, but because of Atlantic’s discovery during the March 3 conference that the plaintiffs did not have “any tentative prospect which would be of interest to Atlantic Richfield”; that neither Gatling nor Wright held “any property or mineral rights whatsoever”; in short, that they had “nothing of value to offer Atlantic Richfield.” Furthermore, since the plaintiffs submitted no 9(g) statement, the allegation in Atlantic’s 9(g) statement that the plaintiffs “have no significant experience in the uranium business” stands admitted. Finally, in the letter of termination, Atlantic advised the plaintiffs that on-site inspection of plaintiffs’ tentative prospects would not be made because Atlantic had no “interest in uranium prospects in New Jersey for economic reasons.”
Plaintiffs rely on the allegation in their verified complaint that the termination of the agreement was racially motivated as grounds for denial of summary judgment. The allegations in a complaint verified by the plaintiffs’ attorney on information and belief will not suffice for this purpose.. See United States v. Bosurgi, 530 F.2d 1105, 1111 (2d Cir. 1976). Neither will the opinion in Wright’s affidavit that “it was apparent to [the plaintiffs] in this personal confrontation with the agents of the defendant that they were unhappy over the race and color of the plaintiffs”, without further factual support, bar the grant of summary judgment. We question whether such a statement “set[s] forth such facts as would be admissible in evidence.” Fed.R. Civ.P. 56(e). See United States v. Trenton Potteries Co., 273 U.S. 392, 407, 47 S.Ct. 377, 71 L.Ed. 700 (1927); Fed.R.Evid. 701. But even assuming the discretionary admissibility of Wright’s statement that the conferees appeared unhappy, certainly his conclusion relating to the subjective cause for this unhappiness would not be admissible. Permitting a witness to testify solely from observing a person that he is intoxicated is a far cry from permitting testimony that he got drunk because of a fight with his wife. The day when “the ‘slightest doubt’ as to the facts” stood in the way of the grant of summary judgment in this circuit is now gone. Beal v. Lindsay, supra, at 291.
In spite of plaintiffs’ unlimited opportunity through discovery to develop the facts, the only facts pointed out to us by plaintiffs in support of their civil rights claim are that they are black and that Atlantic refused to exercise the option and terminated the agreement. These facts are insufficient to preclude the grant of summary judgment. In finding the lack of a factual issue as to racial motivation on the part of the defendants, Judge Wyzanski, speaking for this court in the recent affirmance of a summary judgment dismissing a claim based on an alleged violation of 42 U.S.C. § 1985(3) stated:
Proof that a discharged person is Black or an advocate of Blacks does not justify an ' inference that the person who caused the discharge was racially motivated.
Hermann v. Moore, Docket No. 77-6183 (May 10, 1978), slip op. at 3013.
The grant of summary judgment is affirmed.[6]

. The action was commenced in the Supreme Court of the State of New York, and was removed to the district court on the ground of diversity.

. The summons issued by plaintiffs’ attorney in the Supreme Court describes the action as “breach of contract.”

. The complaint fails to allege the violation of any specific civil rights statute. Read charitably, however, it alleges racial discrimination in the making and enforcement of contracts in violation of 42 U.S.C. § 1981.

. The agreement was executed by Gatling on January 19, 1976 and by Atlantic on February 2, 1976.

. Rule 9(g) of the General Rules for the Southern District of New York provides:
Upon any motion for summary judgment pursuant to Rule 56 of the Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried.
The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried.
All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

. The appellee has not questioned the adequacy of the allegation in the complaint that the “major reason for the termination of the agreement was because the plaintiffs were black.” (emphasis added). Under these circumstances and in view of our disposition, it is unnecessary for us to consider it.