**UNITED STATES of America, Plaintiff,**

v.

**Daniel PANIAGUA–RAMOS, Defendant.**

**Crim. No. 95–251(JAF).**

United States District Court,
D. Puerto Rico.

Aug. 14, 1998.

---

Asst. U.S. Attorney Timothy L. Faerber, Asst. U.S. Attorney Desiree Laborde–Sanfiorenzo, Guillermo Gil, U.S. Attorney, San Juan, PR, for Plaintiff.

Jose R. Aguayo, San Juan, PR, Richard O. Dansoh, Miami, FL, for Defendant.

## OPINION AND ORDER

FUSTE, District Judge.

Before the court is the government's Motion in Limine to Admit Evidence of Other Crimes and Supporting Memorandum, and Defendant Daniel Paniagua–Ramos' Motion in Limine to Not Admit Evidence of Other Alleged Crimes and Supporting Memorandum. The government moves this court to admit at trial evidence of the Defendant's prior bad acts through the testimony of a cooperating defendant, Rolando Sepúlveda. The Defendant contends that Federal Rules of Evidence Rule 404(b) bars admission of such evidence and requests that we deny the government's motion.

### I.

### *Rule 404(b)*

Rule 404(b) of the Federal Rules of Evidence states:

Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Fed.R.Evid. 404(b) (1998).

■ The Court of Appeals for the First Circuit has articulated a two-part test to determine if evidence of prior bad acts should be admitted during the trial of the case. First, a trial court must determine if the proffered evidence has some "special relevance," in other words: Is the evidence offered to establish a material issue or is it offered to establish defendant's propensity for crime? Second, the trial court must perform a Rule 403 balancing test to determine whether the probative value of the evidence substantially outweighs the danger of unfair prejudice. *See United States v. Trenkler,* 61 F.3d 45, 52 (1st Cir.1995); *United States v. Aguilar–Aranceta,* 58 F.3d 796, 798 (1st Cir. 1995); *United States v. Lynn,* 856 F.2d 430, 434 (1st Cir.1988).

### II.

### *Evidence to Prove Knowledge or Intent*

■ The Court of Appeals for the First Circuit generally allows admission of Rule 404(b) evidence to prove knowledge or intent if knowledge or intent are contested, *i.e.,* raised by the defendant as his defense. Such evidence is not admissible if the defendant's defense does not involve these issues.

For example, in *United States v. Hadfield,* 918 F.2d 987 (1st Cir.1990), a case cited by both parties, the trial court was confronted with an individual whose defense to a charge that she distributed drugs with her husband

was that she was a homemaker who was not involved in her husband's drug business. The district court properly allowed evidence of the defendant and her husband's prior convictions for narcotics to rebut her defense, since the prior convictions were probative of her knowledge and intent to distribute drugs.

Similarly, in *United States v. Spinosa*, 982 F.2d 620 (1st Cir.1992), also cited by both parties, the defense to charges of conspiracy to possess and possession with intent to distribute cocaine was that the defendant was not a knowing participant in a cocaine sale and, therefore, did not have the requisite knowledge or intent to be found guilty of the crime. The district court properly allowed testimony as to the defendant's prior bad acts because "[the] testimony was highly probative of *Spinosa's* knowledge and intent to participate in the cocaine deal with Farley and directly contradicts his defense that he was involved only by accident or mistake." *Id.* at 628. *See also United States v. Wood*, 924 F.2d 399 (1st Cir.1991) (holding that admission of prior drug transactions was appropriately admitted to rebut defendant's contention that he was uninvolved with his wife's drug dealing and made use of cocaine for personal use).

The cases discussed above stand in contrast to *United States v. Lynn*, 856 F.2d 430 (1st Cir.1988). In this case, as in those mentioned above, the district court allowed the government to admit Rule 404(b) evidence in an attempt to prove that the defendant had the requisite knowledge and intent to be found guilty of conspiring to import and possess with the intent to distribute marijuana and hashish and of importation and possession of marijuana. However, in this case, the defense was not that he joined the conspiracy with an innocent state of mind or that he mistakenly understood what was being planned. Instead, the defendant simply tried to impeach the government witnesses to prove that the witnesses were lying about his involvement. On appeal, the First Circuit determined that the district court erred in

admitting evidence of the defendant's prior marijuana conviction and explained that " 'intent, while technically at issue, [was] not really in dispute', *United States v. Benedetto*, 571 F.2d 1246, 1249 (2nd Cir.1978), greatly reducing any need for the jury to know of the previous conviction." *Id.* at n. 15.

■ These cases reveal that prior-act evidence should only be admitted to prove knowledge or intent if the defendant has made an issue of his knowledge or intent in his defense. Defendant in the present case currently plans to provide an alibi defense. In other words, defendant claims that, at the relevant time of the crime, he was in a different place than the scene involved and was "so removed therefrom as to render it impossible for him to be the guilty party." *Black's Law Dictionary* 71 (6th ed.1990). His current alibi defense [1] does not dispute his knowledge or intent, instead it disputes his physical whereabouts at the time of the crime. Therefore, the real dispute is over where he was during the planning of the conspiracy, not whether he had knowledge and intent to commit the crimes charged. Even if defendant were to change his defense strategy, for example to impeach all the government witnesses, as in *Lynn*, Rule 404(b) evidence would still be inadmissible to prove knowledge or intent because defendant's knowledge and intent would still not be disputed issues. We see no need to admit potentially prejudicial evidence to prove his knowledge or intent unless the defense strategy changes making the defendant's knowledge or intent contested.

## III.

### *Evidence to Corroborate a Witness*

■ Along with claiming that evidence of defendant's prior bad acts should be admitted to prove knowledge and intent, the government also argues that such evidence should be admitted to corroborate the testimony of cooperating witness, Rafael del Rosario–Sánchez. The government presents

1. Defendant claims the real issue is whether he was present when Rafael del Rosario–Sánchez and Juan Cubillete allegedly had meetings with him and furnished him with the drug in question.

On August 11, 1995, the defense answered the government's request for alibi notice concerning the dates in question.

three cases from other circuits and one First Circuit case to support its contention that Rule 404(b) evidence may be used to corroborate a witness' testimony. While we agree with the government that under certain circumstances evidence of prior bad acts may be admitted to corroborate a witness' testimony, we do not believe that those circumstances are present in this case.

All of the cases cited by the government involve situations in which the prosecution's evidence corroborates details directly related to the facts of the charged offense. In *United States v. Williams,* 577 F.2d 188, 192 (2nd Cir.1978), the Second Circuit upheld the district court's admission of evidence of the defendant's prior conviction to corroborate a witness' testimony that the defendant had assured the witness that the defendant could commit the crime charged because he had committed other such crimes. In *United States v. Blakeney,* 942 F.2d 1001 (6th Cir. 1991), the Sixth Circuit upheld a district court's admission of evidence that the defendant had served time in jail because it corroborated the government witness' testimony that the defendant had told the witness that he had met his supplier for the crime charged in prison. In *United States v. Pitts,* 6 F.3d 1366 (9th Cir.1993), the Ninth Circuit upheld a district court's admission of evidence of prior bad acts which corroborated a government witness' testimony that she was a trusted intermediary of the defendant who had aided him in the crime for which he was charged. Moreover, in *United States v. Cepulonis,* 530 F.2d 238 (1st Cir.1976), the only First Circuit case mentioned by the government on this issue, the First Circuit upheld the district court's admission of evidence establishing that the defendants fired at a police officer and a passing motorist in the course of the getaway from bank robbery for which they were charged, which testimony corroborated the testimony of a cooperating witness who claimed that it was part of the plan to fire on civilians to distract the police. In each of these cases, the prior bad acts evidence was admitted to corroborate the witness' testimony as to how the charged offense took place.

In the present case, the testimony proffered by the corroborating witness does not offer any insight into the manner in which the events of the charged offense ensued. Instead, it corroborates only the fact that the defendant has engaged in prior wrongdoing, and we will not allow its admission in the government's case-in-chief.

## IV.

### *Conclusion*

Rule 404(b) prohibits the admission into evidence the fact that an individual committed prior crimes for the purpose of proving that such defendant has a propensity to commit crimes. As the Notes to Rule 404 explain:

> Character evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows what actually happened.

Fed.R.Evid. 404 Advisory Committee's Notes. The evidence the government seeks to admit is precisely the type of evidence which the rule is intended to exclude.

At this time, given the defendant's statement of his anticipated defense, we will not allow evidence of the defendant's prior bad acts; however, if the defense strategy should change prior to or during the course of trial, the issue of whether prior bad acts evidence would be admissible must be revisited.

The government's motion in limine is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**